## CARSON v. UNITED STATES.

District Court, D. Idaho, E. D. January 9, 1930.

No. 717.

Rex Kimmell and B. A. Green, both of Portland, Or., for plaintiff.

H. E. Ray, U. S. Dist. Atty., and Ralph R. Breshears, Regional Atty., U. S. Veterans' Bureau, both of Boise, Idaho.

CAVANAH, District Judge. As appears by the complaint, a war risk insurance policy was issued to plaintiff by the United States while he was in the military service, under the World War Veterans' Act, for $10,000, in which the United States agreed to pay to him the sum of $57.50 per month in the event he became permanently and totally disabled while the policy was in force; that while in the military forces of the United States he became permanently and totally disabled, and was so disabled at the time of his discharge and when the policy was in force;

that on May 17, 1929, he applied for the benefits accruing to him under the policy; and thereafter, on August 20, 1929, the defendant disagreed with him and disallowed his claim and refused to pay him the benefits accruing under the policy. He was honorably discharged February 13, 1919, and the policy remained in force until midnight of March 31, 1919.

Defendant demurs to the complaint upon the ground that it does not state sufficient facts to entitle a recovery, and that the alleged cause of action is barred by the provisions of section 19 of the World War Veterans' Act, 38 USCA § 445 (Cumulative Annual Pocket Part), as amended on May 29, 1928.

The only question urged on the demurrer is whether the cause of action is barred under the above provisions of the statute. The amendment of May 29, 1928, specifically fixes the time suit may be commenced by any person claiming the right to recover under the War Risk Insurance Act. The portion of the amendment applicable here provides:

"No suit shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made, or within one year from May 29, 1928, whichever is the later date: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director. * * * No State or other statute of limitations shall be applicable to suits filed under this section."

Plaintiff alleges that he became permanently and totally disabled prior to and was on February 13, 1919, the time of his discharge. Therefore his right of action accrued on February 13, 1919, which is more than six years prior to the commencement of this action. Having then failed to bring his action within six years after his right of action accrued, he must, in order to maintain this action, bring himself within the alternative provision of the amendment providing that suit must be commenced within one year from the date of the approval of the amendatory act on May 29, 1928. The amendment further provides that the limitation shall be suspended for the period elapsing between the filing in the Bureau of the claim sued upon and the denial of it by the Director.

Application for the insurance benefit was made by plaintiff on May 17, 1929, which was twelve days prior to the lapsing of the period of one year from the date of the approval of the amendment, and before plaintiff would have been barred from bringing suit on the policy. On August 20, 1929, the Bureau disagreed with him. Seventeen days after the disagreement, plaintiff brings this action on September 6, 1929. When he made a demand upon the Bureau on May 17, 1929, the limitation of the statute was suspended for a period of twelve days, and suit was filed seventeen days after final disagreement, which was five days more than the one year after the approval of the amendatory act.

It seems clear from the face of the complaint that the action was not instituted within the time required by the amendatory act, and the demurrer must be sustained upon that ground.

There appears attached to plaintiff's brief, which was filed January 6, 1930, the affidavit of one of his counsel, in which the statement is made as to where plaintiff resides, and that plaintiff did not receive notice of disallowance of his claim by the Director of the Bureau until about August 25, 1929, and that on August 27, 1929, affiant, as his attorney, received at Portland, Or., the letter from the Director that had been sent to plaintiff disallowing his claim, and that upon that day he prepared and mailed to plaintiff, at Shelley, Idaho, the complaint in this action, which was received by him about August 30, 1929, and thereafter, on September 6, 1929, filed this suit. Of course this affidavit is not a part of the complaint, and cannot be considered by the court in disposing of the demurrer, as the facts stated there will have to be recited in the complaint.

Plaintiff is given twenty days within which to amend his complaint if he desires.