# MILLER v. UNITED STATES.
## No. 4681.

District Court, E. D. New York.

April 14, 1932.

Warren E. Miller, of Washington, D. C., and Price H. Topping, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Joseph H. San, of New York City, Atty. for U. S. Veterans' Administration, Insurance Department, of counsel), for the United States.

INCH, District Judge.

■ Some time earlier than July 7, 1928, the exact date not appearing, the plaintiff in this action filed claim with the United States Veterans' Bureau for permanent and total

890

disability benefits under a contract of war risk term insurance applied for and granted to him by the defendant during his military service. He sought an award of insurance in the amount of $57.50 per month from September 30, 1918, to the date of trial less a deduction of some $1,725, representing certain installments heretofore paid to him by the defendant under an administrative award made by the Bureau. On July 7, 1928, the Director of the United States Veterans' Bureau denied the plaintiff's claim, the denial taking the form of an approval of the action of the Advisory Group on Appeals recommending that the plaintiff's appeal for a permanent and total disability rating from date of discharge be denied. I hold that this action of the Director of the United States Veterans' Bureau constitutes a disagreement and entitles the plaintiff to bring an action against the United States in the district in which he resides, or in the Supreme Court of the District of Columbia, to recover permanent and total disability benefits under his contract of insurance under the authority contained in section 19 of the World War Veterans' Act. Such an action was filed by the plaintiff in the District Court of the United States for the Eastern District of New York on July 31, 1931.

█ The point is raised by the defendant, however, that this action is barred by that part of section 19 of the World War Veterans' Act 1924, as amended by Act July 3, 1930, § 4 (38 USCA § 445), which provides that: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act, whichever is the later date, and no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: Provided, That for the purpose of this Section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director."

The statute makes it quite clear that a suit may be filed either within six years from the time the cause of action arose or within one year from July 3, 1930, whichever is the

later date. The first is of no service here. No one claims that any suit was brought within six years after the right accrued for which the claim is made. Therefore, the plaintiff is limited solely to the one-year period after July 3, 1930. The action was not commenced within the period specified by the statute. This is not a question of laches which could be waived by counsel or overlooked by the court, but is in my opinion a jurisdictional defect and renders this court without jurisdiction to decide the case.

█ There is no merit in the argument of the plaintiff that his case comes within the second proviso above quoted and that under the terms of the section he is entitled to an extension of time after July 3, 1931, equal to the number of days elapsing between the date on which he filed his claim in the Bureau and July 7, 1928, the date on which it was denied by the Director. Clearly, the provision referred to, which was approved on July 3, 1930, was enacted for the sole purpose of giving to those veterans who had not yet filed claims for their insurance an additional year within which to present such claims if they so desired and can have no application to cases finally adjudicated by the Director long prior to July 3, 1930. Such claims were not under consideration by the Veterans' Administration after July 3, 1930, and therefore no portion of the one-year extension was consumed by the Administration in acting upon them. This being so, there is no suspension of the limitation contained in the statute.

█ Neither is there merit in the argument that the defendant is required to affirmatively plead this defense, for, as I read this section, the provision of the statute is not a limitation in the sense that it can be said to constitute a statute of limitations as that phrase is ordinarily understood. The provision is much more than a statute of limitations. It is a limitation to sue, and as such limits the jurisdiction of the court. It is an elementary principle of law that the sovereign cannot be sued without its consent, and when consent to be sued is given, the terms of that consent must be strictly adhered to. In war risk insurance cases such as the one at bar, the statute provides that no suit shall be allowed unless brought within the terms fixed by the statute. It therefore becomes unnecessary for the defendant to affirmatively plead the defense here presented.

The plaintiff, not having filed suit on or before July 3, 1931, has no right to sue the United States and I so hold. The suit will be dismissed.