## HIPKINS v. UNITED STATES.

No. 4701.

District Court, D. Maryland.

Sept. 30, 1932.

Warren E. Miller, of Washington, D. C., and Robert H. Archer (of Tydings, Levy and Archer), of Baltimore, Md., for plaintiff.

James K. Cullen, Sp. Asst. U. S. Atty., and Cornelius Mundy, Asst. U. S. Atty., both of Baltimore, Md.

CHESNUT, District Judge.

In this case the plaintiff sues on a war risk insurance policy alleging permanent and total disability beginning June 29, 1919. The suit was filed October 20, 1931. It is brought under the United States Code, title 38, § 445, as amended by Act July 3, 1930, § 4 (38 USCA § 445). The jurisdiction of this court to entertain such a suit arises only by virtue of this section and cannot be sustained otherwise. The conditions for the maintenance of the suit are stated therein.

The defendant's third plea sets up the limitation of time prescribed by the section as a bar to the suit. The plea alleges that the plaintiff filed his claim for insurance benefits on May 15, 1931, and that it was finally denied by the Veterans' Bureau on August 14, 1931. The plaintiff has demurred to this plea. The question thus raised must be answered by the construction and application of the limitation for such suits provided for in the section mentioned. On this point the applicable language of the section is as follows: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought * * * within one year after July 3, 1930; * * * Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claims sued upon and the denial of said claim by the director."

As the suit was filed more than one year after July 3, 1930 (to wit, October 20, 1931), it is obviously barred by the limitation set up in the section unless it is saved by the proviso quoted, which suspends the limitation "for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director." It appears from the plea that the claim was pending in the Bureau ninety-one days, and it is the plaintiff's contention that the proper construction of the proviso *extends* the time in which the suit may be brought for this period of ninety-one days *after* the date of the rejection of the claim which was August 14th. If this is correct, then the suit is not barred because it was filed on October 20, 1931, within sixty-seven days after August 14th. On the other hand, the government contends that the effect of the proviso is merely to suspend the running of the year from May 15, 1931, for ninety-one days, until the claim was denied. On this construction of the proviso the claim would be barred because on May 15, 1931, the year within which the suit might be brought had expired except for forty-nine days, and therefore the suit could only properly be brought within forty-nine days after the denial of the claim on August 14th; that is to say, the suspension ceased and the statute again began to run from August 14th when the claim was denied. Therefore, the last day for the suit was October 2, 1931. In my opinion, this latter contention is correct.

This same section as previously enacted by Act of Congress on May 29, 1928 (45 Stat. 964), contained practically the same

language with regard to the period of limitations including the proviso, except that the year during which the suit might be brought ran from May 29, 1928. In a case arising under the 1928 act, it was held in the District Court of Idaho under a precisely similar situation that the suit was barred by limitations. Carson v. United States (D. C.) 37 F.(2d) 946.

The *suspension* of a statute of limitations for a certain period is, in effect, "time taken out," for that period and adds the same period of time to the limitation provided in the statute. Applying the language of the statute to the facts of this case, we find it provided that the suit must be brought within one year from July 3, 1930, plus the period of suspension, ninety-one days, which carries the time to October 2, 1931.

This seems to me the only permissible way in which to apply the proviso. To give the effect contended for by the plaintiff would require a change in phraseology so that it would read as follows: "Provided further that this limitation is *extended after the denial of the claim,* for the period elapsing between the filing in the Bureau of the claim sued upon and the denial of such claim by the Director."

As the statute is a very recent one, it is not surprising that neither counsel nor the court have been able to find other decisions directly in point. Reference may, however, be made to the recently decided cases of Baraby v. United States, 1 F. Supp. 443, in the District Court of the United States for the District of Montana, filed April 16, 1932, and Miller v. United States, in the District Court of the United States for the Eastern District of New York, 57 F.(2d) 889, where the period of limitation under this section was considered and applied under somewhat different circumstances.

This construction and application of the limitations provision of section 445 is, I think, in accordance with the holding of the Supreme Court in the cases of Stewart v. Kahn, 11 Wall. 493, 20 L. Ed. 176, and United States v. Wiley, 11 Wall. 508, 20 L. Ed. 21, where the Supreme Court upheld and applied the act of Congress suspending the period of limitations during the Civil War. See, also, Davis v. Hatcher, Fed. Cas. No. 3610 (C. C. Ga., decision by Justice Bradley).

The plaintiff's demurrer to the defendant's third plea will therefore be overruled.