## HUNNEWELL v. UNITED STATES.

District Court, D. New Hampshire.

Jan. 16, 1933.

Albert Terrien, of Nashua, N. H., for plaintiff.

Raymound U. Smith, U. S. Atty., of Concord, N. H.

MORRIS, District Judge.

This is an action brought to recover for total and permanent disability benefits under a policy of war risk insurance.

The petition was filed in court July 25, 1932, by Mary Ann Hunnewell, of Hudson, N. H., as beneficiary named in the policy of insurance, setting forth that her son Ralph Edward Hunnewell, deceased, enlisted in the Army of the United States as a private in the Marine Corps on April 24, 1917; that in 1918 he was granted war risk insurance in the sum of $10,000, and that the petitioner is the beneficiary named in said policy; that the soldier was discharged August 18, 1919, and that he was totally and permanently disabled within the terms and meaning of said policy down to the date of his death, May 22, 1928; that the plaintiff filed a claim with the Bureau of War Risk Insurance for payment of the installments of insurance, and that her claim has been rejected; and that there exists a disagreement between the plaintiff and said Bureau as to plaintiff's rights to the payment of said insurance.

On September 24, 1932, the defendant filed an answer admitting certain paragraphs relating to the service record of Ralph Hunnewell, denying that he was totally and permanently disabled, and ending with a denial of the plaintiff's right to recover because there is no record that the plaintiff has been appointed as executrix or administratrix of the estate of the deceased soldier, and moving that the petition be dismissed.

On September 28, 1932, the plaintiff filed a motion for leave to appear as administratrix of her son's estate, and on the same date the motion was allowed by the court. On October 14, 1932, the defendant moved to dismiss the petition on the ground that the suit is barred under the provisions of section 19 of the World War Veterans' Act 1924, as amended, for the reason that it was not filed within the time prescribed by said section.

Section 19 of the World War Veterans' Act of 1924, as amended by section 4 of the amendatory Act of July 3, 1930 (38 USCA § 445), provides that:

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930 [the date of approval of this Amendatory Act], whichever is the later date, * * * Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director. * * *

"The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or

some one acting in his name on an appeal to the director."

The case was heard before the court on the defendant's motion to dismiss. An examination of the files and correspondence furnished the court by counsel for the parties discloses the following facts:

On June 8, 1928, Josephine C. Hunnewell, widow of the deceased soldier, filed an application for death compensation on a government blank, "Form 527. Revised Dec. 1926," the first page of which is devoted to instructions to applicants. At the top of the page there appears in bold type, "Read with great care," and immediately following in the text the sentence, "This form is a blank application for death compensation only." From the correspondence it appears that numerous affidavits to establish petitioner's claim were filed. The claim was denied December 6, 1928. From the next correspondence in the files it appears that Josephine C. Hunnewell then enlisted the services of Hon. E. H. Wason, member of Congress from New Hampshire, who wrote on June 5, 1930, to George E. Ijams, Assistant Director of the United States Veterans' Bureau, inclosing an affidavit of Dr. William E. Reed of Nashua, N. H., family physician of the Hunnewells, asking that the claim of Mrs. Hunnewell for *compensation* on account of the death of her husband be given careful consideration. This letter bears the file number "Hunnewell Ralph E, XC—721 994."

The claim for compensation seems to have been revived by the filing of this additional evidence. From a reference hereinafter appearing, the claim for compensation was reconsidered and the previous decision confirmed October 29, 1931, by the rating subdivision.

On June 16, 1931, an informal claim for insurance benefits was filed by Josephine C. Hunnewell, the widow of the insured through her attorney Albert Terrien of Nashua, N. H. This claim bears the same file number above stated, and sets forth that the writer has been retained by the widow relative to making claim for "total and permanent disability under a *contract of insurance.*"

The writer further states that "he understands this matter was taken up by the Bureau in 1929 and 1930, and that the claim was disallowed; that from a perusal of the letters covering the claim he understands that the reason for disallowance was lack of evidence of disability from the time of the soldier's discharge from the army." Receipt of this letter was acknowledged on June 26, by H. L. McCoy, Chief Insurance Claims Council, in which he states: "Receipt is acknowledged of your letter of recent date relative to a claim for 'total and permanent disability benefits under a contract of insurance.'"

On June 29, 1931, a formal application was filed by the widow, Josephine Hunnewell, on "form 579, Revised May, 1931." This particular claim was denied, and Mrs. Hunnewell was so advised on December 1, 1931, in a letter from H. L. McCoy, Director of Insurance, in which he states that a decision was rendered on November 27, 1931, by the insurance claims council to the effect that the evidence is not sufficient to establish as a fact that the insured was totally and permanently disabled at a time when the contract of insurance was in force and therefore the claim has been denied.

"You may consider such denial final for the purpose of instituting suit under section 19 of the World War Veterans' Act 1924, as amended down to December 10, 1931." All of the correspondence and the applications were in the name of Josephine C. Hunnewell.

On December 10, 1931, Mary Ann Hunnewell, mother of the deceased soldier, and beneficiary in the policy of insurance, wrote a letter to Congressman Wason, saying: "The Veterans' Bureau has notified me that they will do nothing in regard to my claim," and expressing disappointment at the outcome.

Apparently, following the letter of December 10, 1931, measures were taken to secure a review of the compensation case. A hearing was had before the Board of Review February 18, 1932, at which time Mr. Wason appeared for Mrs. Hunnewell.

The decision of the Board of Review recites:

"This case was presented Feb. 15, 1932, in an appeal from a decision of the Rating Subdivision dated Oct. 29, 1931.

"Question at Issue: Does the evidence in file warrant the granting of service connection for the cause of death, bronchial pneumonia following operation for appendicitis?"

This is followed by a review of the evidence and the following decision: "It is the decision of this Board that the evidence in file does not show any relation between the appendicitis and the respiratory conditions which caused the Veteran's death in 1928,

and any disability from which he suffered during military service. The rating as made by the Rating Sub-division on *December 6, 1928, and later confirmed* is hereby continued and the appeal denied."

On March 28, 1932, Mr. Wason received a letter from C. C. Shaw, chairman of the Board of Review, stating: "This is in reference to the case of the deceased veteran, Ralph E Hunnewell, concerning which you appeared at a hearing conducted by the Board of Review, Central Office, in connection with the appeal from the action of the Rating Subdivision compensation service. The question at issue is, whether the evidence justifies service connection for the cause of death, bronchial pneumonia, following operation for appendicitis?"

The letter closes with the following notation: "The case file is now being forwarded to the Chief Claims Division." A copy of the above letter was sent to Mrs. Josephine C. Hunnewell.

From the decision of the Board of Review, a hearing was requested before the Administrator's Board of Appeals, and on March 30, 1932, Wason was notified that a hearing before the Board was scheduled for Friday April 22, 1932.

The hearing was held in accordance with the notice at which time Mrs. Hunnewell was represented by Congressman Wason and Mr. F. J. Young from Wason's office. The decision was announced as follows: "After reviewing the evidence, It is accordingly the decision of the Administrator that the evidence of record does not warrant service connection for the cause of death, bronchial pneumonia, following an operation for appendicitis."

This decision bears the notation: "Approved by Administrators, May 4, 1932. Board of Appeals."

Application for a reconsideration of the decision of May 4, 1932, was made and apparently granted, at which hearing the evidence was again reviewed and the decision of May 4, 1932, affirmed July 1, 1932, by the Administrator's Board of Appeals, and on July 19, 1932, Mrs. Josephine C. Hunnewell was notified of the final decision of the Board.

The files presented to the court are perplexing. Some relate to compensation and others to war risk insurance. The fact that the papers and correspondence relating to both compensation and insurance bear the same file notation, XC—721—994, is confusing to the court, and no doubt to counsel. Some of the correspondence indicates that the applicant had no clear understanding of the distinction between compensation and insurance benefits.

From the records I find that at the outset Josephine C. Hunnewell made application for death compensation June 8, 1928, which was denied by the Rating Subdivision Board on December 6, 1928, and later confirmed by the same Board on October 29, 1931.

I find that on June 16, 1931, the first claim (informal) for war risk insurance benefits was made in a letter written by Albert Terrien, counsel for Mrs. Hunnewell, to George E. Ijams, Director of the Veteran's Bureau, Washington, D. C.

On June 26, 1931, receipt of the letter was acknowledged, stating that it was a matter for consideration by the Insurance Claims Council. There was inclosed a blank form to be executed and returned to the Bureau for the proper consideration of the claim. The blank was filled out and signed by Josephine C. Hunnewell June 29, 1931, and returned to the Bureau making a formal claim for insurance benefits in accordance with the Bureau's recognized procedure. On July 15, 1931, H. M. McCoy, Chief of Claims Council, wrote Terrien that the case was in process of adjudication, and that he would be advised as soon as the facts could be determined.

On December 1, 1931, Mrs. Hunnewell was advised by the Director of Insurance that a decision was rendered November 27, 1931, denying the claim, and that the denial was final for the purposes of instituting suit under section 19 of the World War Veterans' Act of 1924, as amended.

So far as I am able to determine from the files, all of the subsequent communications relate to the claim for compensation. I so find. The appeal to the Board of Review and the appeal for reconsideration by the Board of Appeals both refer to compensation. The Rating Subdivision, Board of Review, and Administrator's Board of Appeals were administrative agencies having to do with compensation and not insurance benefits. War risk insurance was handled by the Insurance Claims Council.

### The Law of the Case.

The first point made in argument by counsel for the defendant is that the only

claim filed with the Bureau was made and prosecuted in the name of Josephine C. Hunnewell; that her claim was denied, and no action in court has been brought by her, the pending action having been brought in the name of Mary Ann Hunnewell. The basis of the government's claim is established by the evidence.

The only evidence in the case before the court indicating that Mary Ann Hunnewell was interested in the insurance benefits prior to suit is contained in her letter of December 10, 1931, to Congressman Wason, in which she says: "The Veterans' Bureau has notified me that they will do nothing in regard to my claim." The notice to which reference is made is the notice from H. L. McCoy, Director of Insurance, sent under date of December 1, 1931, addressed to Josephine C. Hunnewell.

[1] Notwithstanding the facts above set forth, I am satisfied that the government's contention in this respect ought not to be sustained. The claim as presented and prosecuted by Josephine C. Hunnewell before the Bureau was considered and denied on its merits, and not because the applicant was not a proper person in her own right to present the petition.

The pending action was brought to enforce the same rights that were denied by the Administrative Board to which it was presented in the petition signed by the widow of the soldier.

The present action is brought in the name of the beneficiary named in the contract of insurance who is also administrator by appointment of the probate court, of the estate of the deceased soldier.

The defendant ought not be permitted at this time to take advantage of a technicality which, if raised at the inception of the proceeding, could have been easily corrected seasonably to avoid the statutes regulating the limitation of actions.

■ Under section 19 of the World War Veterans' Act 1924, as amended above quoted, Mrs. Hunnewell had one year from July 3, 1930, within which to bring her action. The year expired July 3, 1931, but the limitation in the statute is suspended for the period between the filing of the application and the denial of the claim by the Director. The claim in the instant case was filed June 16, 1931. The applicant had seventeen days within which to bring suit after the claim had been denied. It was denied December 1, 1931. The right to bring suit was limited to December 18, 1931. It was not brought until July 25, 1932.

I hold that the action was barred by the limitation in section 19 of the World War Veterans' Act 1924, as amended.

The case is dismissed without costs.