### ROBERTS v. UNITED STATES.
### No. 785.

Circuit Court of Appeals, Tenth Circuit.
July 3, 1933.

John G. Reid, of Hugo, Okl., for appellee.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

On April 9, 1932, the plaintiff filed this action on a war risk insurance policy, alleging that the policy matured on January 11, 1919, by virtue of his total and permanent disability arising on that date. The trial court sustained a demurrer on the ground that the cause of action was barred by the statute of limitations. The statute provides:

"No suit on yearly renewal term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date, and no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director." 38 USCA § 445.

It will thus be seen that this suit was brought more than six years after the right accrued; it also appears that the suit was brought more than one year after July 3, 1930. The suit is therefore barred by the statute of limitations unless it is covered by the clause which provides that the limitation should be suspended for the period elapsing between the filing in the Bureau of the claim sued upon and the denial of the claim by the Director. In an effort to bring himself within that exception, the petition alleges that on June 2, 1931, he made claim for this insurance. There were 31 days between the date on which this claim was made and July 3, 1931, which was the final date on which suits might be brought under the statute. The claim remained in the Bureau until February 20, 1932, when it was denied. The statute provides that the running of the statute shall be suspended therefore from June 2, 1931, until February 20, 1932. The plaintiff therefore had 31 days after February 20, 1932, in which to file this suit. He failed to file it within that time, and the claim is therefore barred by the statute of limitations.

The plaintiff seeks to have this court amend the statute by providing that he shall have a reasonable time after the denial of the claim in which to file the suit. The government can only be sued with its consent, and it may impose any conditions thereon that it cares to. The plaintiff had thirteen years after his total disability in which to present his claim to the government. If he preferred to let it rest until he only had thirty-one days left of the statutory time in which to sue, then he must be content with thirty-one days after the denial in which to bring suit. This was held in Carson v. United States (D. C.) 37 F.(2d) 946, and in Miller v. United States (D. C.) 57 F.(2d) 889, and in Hunnewell v. United States (D. C.) 2 F. Supp. 389.

The case was barred by the statute when instituted and must be affirmed.