**STALLMAN v. UNITED STATES.**

No. 9700.

Circuit Court of Appeals, Eighth Circuit.

Nov. 10, 1933.

David F. Loepp, of Sioux City, Iowa, for appellant.

F. H. Maughmer, Chief Atty., Veterans' Administration, of Des Moines, Iowa (Harry M. Reed, U. S. Atty., of Waterloo, Iowa, on the brief), for the United States.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This is a suit upon a policy of war risk insurance in which a demurrer to the amended petition was sustained on the ground that the cause was barred by the statute of limitations. The plaintiff having declined to plead further, judgment of dismissal was entered by the court, and the plaintiff appeals.

Before a veteran is entitled to maintain an action of this kind to recover upon a policy of war risk insurance, his claim must have been presented to the Veterans' Bureau and rejected, so that it can be found that a disagreement exists. The existence of such a disagreement is an indispensable prerequisite to the right to maintain an action. Berntsen v. United States (C. C. A.) 41 F.(2d) 663;

United States v. Alberty (C. C. A.) 63 F.(2d) 965.

It appears from the amended petition that the alleged right of the plaintiff on which the suit is brought accrued in 1918, and it is alleged that claim was filed on his behalf with the Veterans' Bureau at Washington, "on or about the 27th day of June, 1921," and that "on or before September 5, 1931, a disagreement was had."

Section 445, title 38 USCA, provides: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date: * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director."

Except for the filing of the claim with the Veterans' Bureau, the suit of the plaintiff for recovery on the policy would have been barred under the provisions of the section quoted within one year after July 3, 1930; i. e., on July 3, 1931. When the claim was filed on the 27th of June, 1931, all of the time allowed by the statute for the bringing of the suit had run except six days (i. e., the time between June 27th and July 3d). The filing of the claim with the bureau caused the running of the statute to be suspended during consideration of the claim by the administrative body, and the plaintiff had six days after the disagreement to bring his suit. As it is alleged that the disagreement was had on September 5, 1931, and this suit was not commenced until October 17, 1931, which is 42 days later, the suit was barred by the statute, unless, as contended for the plaintiff, the limitation was further suspended until he had notice of the rejection of the claim by the bureau.

In this regard the amended petition sets forth that upon the rejection of the claim by the bureau on September 5, 1931, notice of the disagreement was mailed to attorney David F. Loepp, who had filed the claim and corresponded with the bureau about it, and now appears for plaintiff herein. The notice reached the office of Mr. Loepp about September 8th or 9th (in time for bringing the suit), but did not come to Mr. Loepp's personal attention for some two weeks. Plaintiff

himself, who resides 100 miles from Sioux City, Iowa, received no notice and had no knowledge of the disagreement until after suit was filed.

The conditions upon which this suit can be maintained against the government are those prescribed by the acts of Congress, and the court may not enlarge the rights accorded. United States v. Alberty (C. C. A.) 63 F.(2d) 965. As the statute says that the limitation fixed for bringing the suit shall be "suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director," and says nothing about any additional suspension until notice can be brought home to the claimant, it is our clear duty to hold that the suit was barred.

The plaintiff was charged with knowledge that he only had six days left in which to bring his suit after disagreement because of his own delay of about twelve years before taking steps to assert any claim on his policy; and it was therefore incumbent upon him to acquaint himself with the action of the director on his claim so that he could act promptly and sue within six days if he wanted to. It does not appear that he took any particular steps to this end, or that his failure to learn of the rejection of the claim was chargeable to the neglect of official duty. No formal notice was required to be given to him by the statute, nor has there been called to our attention any regulation requiring such notice applicable at the time. A regulation covering the matter of notice of disagreement to be mailed to the veteran has since been promulgated (Decisions Insurance Claims Council, Nos. 3106, 3107, November 1, 1931).

Judgment affirmed.