## BAILLE v. UNITED STATES.

### No. 9800.

Circuit Court of Appeals, Eighth Circuit.
April 16, 1934.

C. A. Wilson and E. B. Adams, both of Hot Springs, S. D., for appellant.

E. D. Barron, Asst. U. S. Atty., of Sioux Falls, S. D. (Olaf Eidem, U. S. Atty., of Sioux Falls, S. D., and Byron S. Payne, Asst. U. S. Atty., of Pierre, S. D., on the brief), for the United States.

Before STONE and SANBORN, Circuit Judges.

SANBORN, Circuit Judge.

The parties will be referred to as in the court below, the appellant being the plaintiff. The action is upon two policies of war risk insurance aggregating $10,000, which were issued to the plaintiff while in the United States Army. Premiums were paid up to the time of his discharge, March 27, 1919, but no longer. On April 3, 1929, the plaintiff made application, in the form of a letter, to the Regional Office of the United States Veterans' Bureau at Sioux Falls, S. D., for the benefits provided in his policies, upon the claim that he had been totally and permanently disabled since the date of his discharge. His application was received on or about April 9, 1929, and denied September 10, 1929. He commenced this suit on February 14, 1930. The defendant's answer denied liability and contained an averment that the plaintiff's suit was barred by limitations. In June, 1931, the attorney for the defendant stipulated that the second defense would not be relied upon. Notwithstanding this stipulation, a motion was made by the defendant to dismiss, and the court held that under the law the plaintiff was required to bring his suit not later than October 30, 1929, and that, having brought it on February 14, 1930, the court was without jurisdiction. From the judgment of dismissal the plaintiff has appealed.

Two questions are presented:

1. Was the suit barred by limitations?

2. If it was, had the defendant waived that defense?

The answer to the first question depends upon the effect of the Act of July 3, 1930, c. 849, 46 Stat. 991, 992 (38 USCA § 445). There is no dispute as to the status of the plaintiff's suit at the time it was brought. It is conceded that, unless the act referred to authorized the maintenance of the suit, it was barred.

The World War Veterans' Act of June 7, 1924, c. 320, 43 Stat. 607, 612, as amended by the Act of March 4, 1925, c. 553, 43 Stat. 1302 (38 USCA § 445), contained no provision limiting the time within which suits upon policies of war risk insurance must be brought, and state statutes were therefore held to be applicable. United States v. Sligh (C. C. A. 9, 1928) 24 F.(2d) 636, 637, 638; United States v. Grigg (C. C. A. 9, 1928) 24 F.(2d) 638, 639; Jackson v. United States (D. C., 1928) 24 F.(2d) 981, 983; Stanley v. United States (D. C.) 23 F.(2d) 870, 871.

The Act of May 29, 1928 (approved May 29, 1928), c. 875, 45 Stat. 964, prescribed a period of limitations for such suits. It amended section 19 of the World War Veterans' Act, 1924, as amended, by adding the following: "No suit shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made, or within one year from the date of the approval of this amendatory Act, whichever is the later date: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director. * * * Judgments heretofore rendered against the person or persons claiming under the contract of war-risk insurance on the ground that the claim was barred by the statute of limitations shall not be a bar to the institution of another suit on the same claim. No State or other statute of limitations shall be applicable to suits filed under this section. This section shall apply to all suits now pending against the United States under the provisions of this section."

Thereafter, with the consent of the United States, the Supreme Court granted writs of certiorari in the cases of United States v. Sligh, supra, and United States v. Grigg, supra, and vacated the judgments entered in the United States Circuit Court of Appeals for the Ninth Circuit and remanded the cases to that court for further proceedings. Grigg v. United States, and Sligh v. United States, 277 U. S. 582, 48 S. Ct. 600, 72 L. Ed. 998. In so doing, the Supreme Court said (page 582 of 277 U. S., 48 S. Ct. 600, 72 L. Ed. 998):

"On May 29, 1928, there was passed and approved an act of Congress entitled 'An act to amend the world war veterans' act, 1924' (H. R. 13039, 70th Cong., 1st Sess.). That act amends section 19 of the world war veterans' act (38 USCA § 445) and allows suit to be brought on policies of war-risk insurance within six years after the right accrues or

within one year from the date of the approval of the amendatory act. It provides also:

" 'Judgments heretofore rendered against the person or persons claiming under the contract of war-risk insurance on the grounds that the claim was barred by the statute of limitations shall not be a bar to the institution of another suit on the same claim. No state or other statute of limitations shall be applicable to suits filed under this section. This section shall apply to all suits now pending against the United States under the provisions of this section.' (38 USCA § 445.)

"As a result of this legislation, the defense of the statute of limitations of Arizona is no longer available to the United States in these two cases. In each case the assignments of error in the Circuit Court of Appeals passed only on the defense of the statute of limitations and did not find it necessary to consider the other questions."

The Act of July 3, 1930 (approved July 3, 1930), c. 849, 46 Stat. 991, 992 (38 USCA § 445), also amended section 19 of the World War Veterans' Act of 1924, as amended, so as to read as follows:

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act [July 3, 1930], whichever is the later date, and no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director. * * * Judgments heretofore rendered against the person or persons claiming under the contract of war-risk insurance on the ground that the claim was barred by the statute of limitations shall not be a bar to the institution of another suit on the same claim. No State or other statute of limitations shall be applicable to suits filed under this section. * * *

"This section, as amended, with the exception of this paragraph [paragraph defining 'claim' and 'disagreement'], shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act, as amended, or the World War Veterans' Act, 1924, as amended."

The contention of the government in this case is, in substance: That, under the Act of 1928, it consented to be sued, provided the suit was brought within the time prescribed by that act, and that the plaintiff, having brought his suit after such time and before the Act of 1930 was passed, could not maintain it thereafter, because the Act of 1930 did not revive his claim, and that the Act of 1928 had not only barred his remedy, but destroyed his right.

The reasons why this contention of the government cannot be sustained are:

First. The Act of 1930 was an amendatory act, and, after its passage, section 19, as amended, was to be read, as to all subsequent occurrences, as if it had always been in the amended form. United States v. La Franca, 282 U. S. 568, 576, 51 S. Ct. 278, 75 L. Ed. 551; Blair v. City of Chicago, 201 U. S. 400, 475, 26 S. Ct. 427, 50 L. Ed. 801; Pennsylvania Co. v. United States, 236 U. S. 351, 362, 35 S. Ct. 370, 59 L. Ed. 616; Kelleher v. French (D. C.) 22 F.(2d) 341, 347; Cumberland Telephone & Tel. Co. v. City of Memphis (C. C. A. 6), 200 F. 657, 660, 661; Farrell v. State, 54 N. J. Law, 421, 423, 424, 24 A. 725; Russell v. State, 161 Ind. 481, 482, 68 N. E. 1019; Balanced Rock Scenic Attractions, Inc., v. Town of Manitou (C. C. A. 10) 38 F.(2d) 28, 29.

Second. Congress in the Act of 1930 expressly provided that section 19, as amended, should apply to all suits pending under the provisions of the War Risk Insurance Act or the World War Veterans' Act.

Therefore, when the government moved to dismiss this case, section 19 was to be read as though it had always contained the same provisions with respect to the time for bringing suits as it then contained, and the court was required to give effect to the provision that it should apply to pending suits. The plaintiff's suit was a pending suit, and, while it had been subject to dismissal from the time it was commenced until July 3, 1930, it was not subject to dismissal after that time.

To paraphrase the language of the Supreme Court in Grigg v. United States, supra, and Sligh v. United States, supra, on page 583 of 277 U. S., 48 S. Ct. 600, 72 L. Ed. 998: As a result of this legislation, the defense of limitations contained in the Act of 1928 is no longer available to the United States in this case.

There is no case sustaining the govern-

ment's position, and there are cases in which it has been assumed or decided that there existed an unbroken period within which to file claims and to bring suits on policies of war risk insurance, commencing at the time the right under the policies accrued, and terminating as provided in the amendatory Act of 1930.

In Roberts v. United States (C. C. A. 10) 66 F.(2d) 273, 274, the court said: "The plaintiff had thirteen years after his total disability in which to present his claim to the government." The thirteen years were computed from the time the right accrued to July 3, 1931.

In Baraby v. United States (D. C.) 1 F. Supp. 443, 444, the court said: "This section (World War Veterans' Act 1924, § 19), as amended by Act July 3, 1930 (38 USCA § 445), allows the commencement of an action at any time before July 3, 1931 * * * ."

In Heinemann v. Heinemann et al. (C. C. A. 6) 50 F.(2d) 696, a suit had been begun by a veteran's widow on February 1, 1929. Inasmuch as the mother had been the original beneficiary under the policy, there was doubt as to whether the widow was entitled to payment. The United States "interpleaded" the mother, and on October 7, 1929, she filed her "answer and petition." The court said [page 698 of 50 F.(2d)]: "When the mother filed her cross-petition, her independent right of action under the policy was plainly barred by the limitation of time, which limitation expired on May 28 or 29, 1929. Whether she could by relation claim the sufficiently early date of February 1, 1929, when the original declaration was filed, would call for consideration, except for the act of July 3, 1930, which extended her time for suit until July 3, 1931 (title 38, § 445, USCA), and which applied to all existing suits."

In Westling v. United States (C. C. A. 9, 1933) 64 F.(2d) 464, the plaintiff had obtained his disagreement February 11, 1929. He did not bring suit until June, 1931. The court said relative to the amendment of 1930 [page 465 of 64 F.(2d)]: "Thus, in the second paragraph of section 4, the period of limitations was extended for another year 'in order that,' to quote the Senate Committee report, 'no veteran may be deprived of his right to enforce his contract of Government insurance merely because of lapse of time.' The same paragraph re-enacted the provisions of the Act of May 29, 1928, chapter 875, § 1, 45 Stat. 964, by which the period of limitations was suspended during the pendency of a claim in the Bureau and an additional year was given to renew an action which fails for 'defect in process, or for other reasons not affecting the merits.' Furthermore, the statute, like the act of 1928, permits a new action notwithstanding that a judgment had theretofore been rendered against the insured, if that judgment was based upon the defense of time limitation. The liberal policy embodied in these provisions indicates the spirit in which the interpretation of this legislation, at least in so far as it affects claimants' right to judicial review, should be approached." See, also, Hipkins v. United States (D. C.) 1 F. Supp. 505, 506.

The government relies upon certain language found in Miller v. United States (D. C.) 57 F.(2d) 889, 890: "Clearly, the provision referred to, which was approved on July 3, 1930, was enacted for the sole purpose of giving to those veterans who had not yet filed claims for their insurance an additional year within which to present such claims if they so desired and can have no application to cases finally adjudicated by the Director long prior to July 3, 1930." The court was referring to the effect of the provision relating to the suspension of the limitation for the period between the filing of the claim and its denial, and that case is no authority for the government's contention here.

Since, by the enactment of the amendment of 1930, the government consented to the maintenance of the plaintiff's pending suit, it is unnecessary to decide the other question.

The judgment is reversed.