## WEAVER v. UNITED STATES.
### No. 3679.

Circuit Court of Appeals, Fourth Circuit.
June 28, 1934.

J. M. Broughton, of Raleigh, N. C. (W. H. Sawyer, of Raleigh, N. C., on the brief), for appellant.

Young M. Smith, of Washington, D. C., Atty., Department of Justice (J. O. Carr, U. S. Atty., of Wilmington, N. C., Will G. Beardslee, Director, Bureau War Risk Litigation, of Washington, D. C., and William B. Snow, Sp. Asst. to Atty. Gen. in War Risk Insurance Cases, on the brief), for the United States.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

CHESNUT, District Judge.

This suit on a war risk insurance policy was instituted in the District Court on Sep-

tember 29, 1932. The Government pleaded the statute of limitations applicable to the suit contained in USC, title 38, § 445, as amended July 3, 1930 (38 USCA § 445), which reads as follows:

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date: * * * Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director."

The case was, in effect, submitted to the District Judge for determination on an agreed statement of facts from which it appears that the plaintiff, after applying for and receiving the policy sued on, was honorably discharged from the Army on March 11, 1919, and the policy lapsed thereafter on April 1, 1919, by reason of nonpayment of further premiums. In his complaint the plaintiff alleges that he became totally and permanently disabled within the meaning of the provision therefor in his policy prior to its lapse and that his disability has continued to the present time, but he apparently took no steps to secure the benefits of the policy until on July 2, 1931, some time before midnight, he sent by mail from Raleigh, N. C., a claim to the Veterans' Bureau for benefits. There was no evidence or finding as to the exact time when this claim was filed in the Veterans' Bureau other than appears from the official stamp thereon reading "Received July 6, 1931." The claim was thereafter rejected by the Bureau on the merits and under date of September 22, 1932, a letter was mailed to the plaintiff from the Bureau denying liability on the policy. This letter was not received by the plaintiff until September 26, 1932, immediately after which he consulted his attorney and thereafter filed this suit on September 29, 1932.

On these facts the District Judge ruled as a matter of law that the suit was barred under the statute above quoted, and the correctness of this ruling is the only question presented for our consideration.

■ In our opinion the ruling appealed from was correct. Obviously under the statute, the suit was too late unless saved by the proviso in the section. The effect of this proviso is that the statute of limitations was suspended for the number of days, prior to and including July 3, 1931, that the claim was pending in the Bureau and the plaintiff was entitled to bring suit within that number of days after notice of disallowance of his claim by the Bureau. That this is the effect of the statute has been held by the Circuit Courts of Appeals for the 10th Circuit (United States v. Gower, 71 F.(2d) 366, decided May 31, 1934; Roberts v. United States, 66 F.(2d) 273), and for the 8th Circuit (Stallman v. United States, 67 F.(2d) 675); and by the District Courts in New Hampshire (Hunnewell v. United States, 2 F. Supp. 389); in Idaho (under the similar wording of the Act May 29, 1928, c. 875, 45 Stat. 964; Carson v. United States, 37 F.(2d) 946); in Virginia (Creasy v. United States, 4 F. Supp. 175), and in Maryland (Hipkins v. United States, 1 F. Supp. 505). We are in accord with this construction and application of the statute.

■ It does not sufficiently appear from the established facts that the claim was either filed in or considered by the Bureau at any time until after July 3, 1931, and therefore the bar of limitations set up in the statute had fallen on July 3, 1931, before the institution of the suit. Counsel for the plaintiff contends that by a liberal construction of the proviso, his claim may be considered to have been "filed" in the Bureau when deposited in the mail at Raleigh on July 2, 1931; but we are of the opinion that this contention is clearly untenable. See Creasy v. United States (D. C.) 4 F. Supp. 175.

■ It is also urged by the plaintiff, appellant, that the mailing of the letter in Raleigh, N. C., some time on July 2, affords a presumption that in due course of mail it should have been received by the Bureau in Washington some time the next day and therefore before the expiration of the bar of the statute. It is, of course, within our knowledge, of which we may take judicial notice, that it is entirely possible if not probable in the course of ordinary mail, that a letter deposited in the post office in Raleigh on one day would be received in Washington the next day, but it appears that this letter was sent by registered mail which, likewise according to general knowledge, is not always delivered so promptly as is the case with ordinary mail. As the plaintiff was relying upon the proviso in the statute to avoid the bar of limitations, it was necessary for him to satisfactorily show that his case came within the proviso. Apparently he made no effort to obtain from the records of the post office department data as to the exact time of the receipt of the registered letter in Raleigh or its delivery in Washington. On the contrary the facts stated indicate that the letter was not received by the Bureau un-

til Monday, July 6th (July 4th that year falling on Saturday). There is a presumption of regularity of official acts from which it may fairly and properly be inferred that the plaintiff's claim in fact was not received by the Bureau until July 6th.

Even if it could fairly be found from the facts stated that the plaintiff's claim was received by the Bureau on July 3, 1931, it could not be said that the statute was suspended for more than one day; and therefore after the denial of liability by the Bureau and receipt of notice thereof by the plaintiff he had only one day thereafter at the most to institute suit. Although he certainly acted promptly upon the receipt of the notice, nevertheless the suit was not filed in fact until three days thereafter, on September 29th. Some part of the delay was unfortunately occasioned by his necessity of obtaining an order of court permitting him to sue in forma pauperis. His situation in this respect, however unfortunate, was not a legal excuse for the delay in instituting the suit. Hayward v. Eliott National Bank, 96 U. S. 611, 618, 24 L. Ed. 855. And where the government's consent to be sued is definitely limited in point of time, courts are not justified in extending the time by implication. United States v. Michel, 282 U. S. 656, 51 S. Ct. 284, 75 L. Ed. 598. The proximate cause of the plaintiff's situation is his own failure for more than 12 years to make claim on his policy although totally and permanently disabled during that whole period as he now alleges. See Lumbra v. United States, 290 U. S. 551, 560, 54 S. Ct. 272, 78 L. Ed. 492.

For these reasons the judgment must be Affirmed.