## TYSON v. UNITED STATES.
### No. 3811.

Circuit Court of Appeals, Fourth Circuit.
April 2, 1935.

W. H. Yarborough, Jr., of Raleigh, N. C. (H. C. Blackwell, of Fayetteville, N. C., and J. M. Broughton, of Raleigh, N. C., on the brief), for appellant.

William B. Snow, Sp. Asst. to the Atty. Gen. (James O. Carr, U. S. Atty., of Wilmington, N. C., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to the Atty. Gen., on the brief), for the United States.

Before PARKER, Circuit Judge, and McCLINTIC and HAYES, District Judges.

PARKER, Circuit Judge.

This is an appeal in a war risk insurance case in which the suit of plaintiff was dismissed for lack of jurisdiction on the ground that it was not instituted within the time required by statute. The suit was instituted November 17, 1932, and asked recovery on a policy of war risk insurance which was kept in force by the payment of premiums until December, 1918; the allegation of the petition being that at that time insured was totally and permanently disabled. Insured relied upon the fact that he had filed claim for insurance with the Veterans' Administration to extend the period within which suit might be instituted beyond July 3, 1931, the date upon which it would otherwise have been barred by statute. 38 US CA § 445. There is no dispute as to the filing and rejection of the claim, the facts with respect to which are as follows:

On December 2, 1930, the Veterans' Administration wrote a letter to insured advising him that the local rating board was of opinion that he was not entitled to compensation, for the reason that he was not shown to have a service connected disability

which disabled him to a compensable degree. With this letter were inclosed forms 526–c and 526–f, which insured was directed to execute and return at once if he desired to apply for a disability allowance. Insured filled in and executed these forms and forwarded them to the Veterans' Administration, by which they were received and filed on December 12, 1930. Form 526–c was an application for disability allowance under section 200 of the World War Veterans' Act of 1924 as amended July 3, 1930 (section 11 [38 USCA § 471]). It contained no statement that insured was or had been totally or permanently disabled or that he made any claim under his policy of war risk insurance. Form 526–f was as follows: "I hereby make formal application for any benefits under the War Risk Insurance Act, as amended, and the World War Veterans' Act, 1924, as amended, to which it may be found that I am, or have been, entitled. I have not previously made application for the benefits."

On July 2, 1931, insured executed and mailed to the Veterans' Administration a claim for insurance benefits under his policy, claiming that he had been totally and permanently disabled since September 10, 1918. This claim was received by the Veterans' Administration on July 3, 1931, and was denied by the director on November 12, 1932. The letter of denial, which was dated November 12, 1932, contained the following statement: "You may consider such denial final for the purposes of instituting suit under section 19 of the World War Veterans' Act, 1924, as amended. If you accept the denial of the claim by the Council as final, the suspension of the statute of limitations provided by section 19 shall cease from and after the date of this letter plus the number of days usually required by the Post Office Department for the transmission of regular mail from Washington, D. C. to your last address of record." The date of the Washington postmark on this letter was November 14th, and it was received by insured on November 16th; two days being the period usually required for transmission of mail from Washington to the address of the insured. As stated, the suit was commenced by the filing of the petition on November 17th, although service was not made upon the United States attorney until November 19th.

■ It is clear, we think, that the claim filed on December 12, 1930 on forms 526–c and 526–f was not a claim for insurance under the war risk insurance policy. The statute with relation to suits on claims under war risk insurance policies (38 USCA § 445) provides: "The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits." There is nothing in the claim which alleges permanent and total disability at a time when the contract of insurance was in force, or which shows any intention to claim insurance benefits. See United States v. Collins (C. C. A. 4th) 61 F.(2d) 1002; Wilson v. U. S. (C. C. A. 10th) 70 F.(2d) 176; United States v. Peters (C. C. A. 8th) 62 F.(2d) 977; United States v. Densmore (C. C. A. 9th) 58 F.(2d) 748.

■ Plaintiff must depend, therefore, upon the claim filed with the Veterans' Administration on July 3, 1931, to avert the bar of the statute of limitations; and, while the filing of that claim unquestionably tolled the running of the statute until the claim was denied, we do not think that the action was instituted within proper time even when this is considered. The exact provision with respect to the suspension of the running of the statute is as follows: "This limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director." 38 USCA § 445. The running of the statute is suspended when the claim is filed in the Bureau of War Risk Insurance of the Veterans' Administration, not when it is deposited in the mails. Weaver v. U. S. (C. C. A. 4th) 72 F.(2d) 20. And it is denied by the director when he takes action denying it, not when notice of denial is received by the insured. Corn v. United States (C. C. A. 10th) 74 F.(2d) 438; United States v. Thomson (C. C. A. 10th) 71 F.(2d) 860; United States v. Gower (C. C. A. 10th) 71 F.(2d) 366; Stallman v. U. S. (C. C. A. 8th) 67 F.(2d) 675; Roberts v. U. S. (C. C. A. 10th) 66 F.(2d) 273; Hunnewell v. U. S. (D. C.) 2 F. Supp. 389; Hipkins v. U. S. (D. C.) 1 F. Supp. 505, 506. We have considered the reasoning to the contrary of this last proposition in Creasy v. U. S. (D. C.) 4 F. Supp. 175, but we are not convinced by it. The language of the statute is clear and unambiguous. The statute is "suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director." Only Congress can prescribe the terms upon which the government may

be sued; and, when it has done so clearly and unequivocally, neither the bureau charged with the administration of the act nor the courts may add to or take from these terms. Congress might have provided for the suspension of the statute until the insured should be notified of the rejection of his claim. It has not done so, but has provided for suspension only during the period between the filing of the claim and its denial by the director.

■ It follows that the running of the statute was suspended from July 3, 1931, to November 12, 1932, a period of one year, four months, and nine days, applying the well-settled rule of excluding the first day and including the last. This period is to be added to the period embraced within the statute, which would otherwise have expired on July 3d; for as said by Judge Chesnut in the Hipkins Case, supra: "The suspension of a statute of limitations for a certain period is, in effect, 'time taken out,' for that period and adds the same period of time to the limitation provided in the statute." The period of limitations expired, then, on November 12, 1932, and, as suit was not instituted until November 17th, it was clearly barred when instituted. The same result follows if the date of receipt of notice by the insured be taken as the last date of the period of suspension; for in that case the time for bringing suit would have expired on November 16th, the day before the suit was instituted. Only by counting the first day as well as the last in computing the period of suspension could the period of limitations be extended to November 17th; and all of the cases in which the question is involved hold that this is not proper. Thus in Corn v. U. S., supra, claim was filed on July 2, 1931, and it was held that only one day remained of the period of limitations. In Walton v. U. S. (C. C. A. 8th) 73 F.(2d) 15, claim was filed on June 22d and it was held that only eleven days remained. In United States v. Gower, supra, claim was filed on June 20th, and it was held that only thirteen days remained. In United States v. Thomson, supra, and in Stallman v. U. S., supra, claims were filed on June 27th in each case, and in each case it was held that only six days remained.

For the reasons stated, the suit was properly dismissed as not having been commenced within the time limited by statute, and the judgment appealed from will be affirmed.

Affirmed.