A. L. Brook, of Muskogee, Okl., for plaintiff.

Daniel Dillon, Atty. for Department of Justice, and C. W. Miller, Asst. U. S. Dist. Atty., for the United States.

RICE, District Judge.

The defendant United States of America filed herein its motion to dismiss, for the reason that the plaintiff's action is barred by the statute of limitation and this court is without jurisdiction to hear said cause. Thereafter, the following stipulation was entered into by the attorneys for plaintiff and defendant:

"It is stipulated and agreed by counsel for respective sides that Clarence Hartness was inducted into the military service of the United States on April 26, 1918 and was honorably discharged June 20, 1919; that while in the service he applied for and was granted $10,000 war risk term insurance which lapsed for the nonpayment of premium due July 1, 1919 and with the thirty-one days of grace provided in the policy, finally lapsed August 1, 1919 unless at that time he was totally and permanently disabled.

"It is further stipulated and agreed that a claim for insurance benefits under the policy herein sued upon was received by the Veterans' Administration on May 7,

## HARTNESS v. UNITED STATES.
### No. 6571.

District Court, E. D. Oklahoma.
May 4, 1938.

1929; that an additional claim was received by the Veterans' Administration on May 26, 1931; that a denial was issued by the Veterans' Administration on May 4, 1936 and that this action was instituted on June 6, 1937."

Involved in the decision of the government's motion to dismiss is consideration of the World War Veterans' Act, as amended July 3, 1930, and Act June 29, 1936. The pertinent part of the July 3, 1930, amendment is as follows: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date. * * * Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs." 38 U.S.C.A. § 445.

The pertinent part of the June 29, 1936, amendment is as follows: "In addition to the suspension of the limitation for the period elapsing between the filing in the Veterans' Administration of the claim under a contract of insurance and the denial thereof by the Administrator of Veterans' Affairs or someone acting in his name, the claimant shall have ninety days from the date of the mailing of notice of such denial within which to file suit." 38 U.S.C.A. § 445d.

Plaintiff makes two contentions; first, that under the amendment of July 3, 1930, he had two years, one month, and twenty-six days from the day his claim was denied within which to file his suit; second, that in the event he had but one year from the date of the denial of his claim under the amendment of July 3, 1930, within which to file his suit, by the amendment of June 29, 1936, he was given an additional ninety days, and that he had at least one year and ninety days from the date of the disallowance of his claim in which to file a suit.

It is the contention of the United States of America that the plaintiff had only one year from the date of the disallowance of his claim in which to begin his suit.

In support of his first contention plaintiff relies upon the decisions of the Circuit Court of Appeals for the Tenth Circuit in the following cases: United States v. Gower, 71 F.2d 366; United States v. Thomson, 71 F.2d 860; Corn v. United States, 74 F.2d 438.

In the body of the opinion in the Thomson Case, the following language is used: "A suit of this kind must be filed within six years after the right of action accrued or within one year after July 3, 1930, whichever is the later date, and the period during which the claim is pending must be excluded in computing that time because its pendency suspends the operation of the statute."

The third syllabus of the Gower Case, as reported, is as follows: "Where suit on yearly renewable term war risk policy was not filed within six years after right accrued, additional limitation period of one year after July 3, 1930, provided by statute, held suspended when claim was filed with Veterans' Bureau, and began to run again immediately on disallowance of claim."

In the body of the opinion of the Gower Case, the following language is used: "Appellee filed his claim with the bureau on June 20, 1931. Only thirteen days remained between the date the claim was filed and July 3, 1931. During that time and the succeeding time until the claim was disallowed, the running of the statute was suspended, and it began to run again immediately on its disallowance, and the bar took effect according to the terms of the act thirteen days thereafter."

In the Gower Case, the Thomson Case, and the Corn Case the rule of law as stated therein was based upon a state of facts wherein the claim was filed by the veteran after the passage of the 1930 amendment and before July 3, 1931. The same is true in all cases construing the effect of the 1930 amendment, wherein language is used that would seem to sustain the first contention of the plaintiff herein.

In Weaver v. United States, 4 Cir., 72 F.2d 20, 21, the following language was used: "The effect of this proviso is that the statute of limitations was suspended for the number of days, prior to and including July 3, 1931, that the claim was pending in the Bureau and the plaintiff was entitled to bring suit within that number of days after notice of disallowance of his claim by the Bureau."

The facts of that case were that the claim was mailed from Raleigh, N. C., on July 2, 1931, before midnight, and was

marked received by the Veterans' Bureau on July 6, 1931; disallowed September 22, 1932; and suit was filed September 29, 1932.

The same rule of law as stated in the above case was similarly stated in Stallman v. United States, 8 Cir., 67 F.2d 675, based upon a state of facts wherein the claim was filed on June 27, 1931.

The facts in the Thomson Case, supra, were that the claim was filed on or about June 27, 1931; rejected September 19, 1932; and suit was filed on September 28, 1932.

■ No case has been cited, and careful search has revealed none, sustaining plaintiff's first contention. By the language of the amendment any veteran whose right of action was barred by the six-year provision of limitation had one year from the date of the passage of the act within which to file his suit, with the proviso that: "This limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs." A proper construction of the language used will not justify saying that the time a claim was pending prior to the passage of the amendment fixing a one-year period of limitation could suspend the running of the statute of limitations, and thereby extend the time within which suit might be filed beyond one year from the date of the disallowance of the claim. No decision holds that the limitation is suspended by reason of something done prior to the enactment of the law creating the limitation. Any other construction would lead to situations clearly not intended by the amendment. For example, consider two claims both disallowed on July 3, 1931; one filed six years prior to its disallowance, the other six months prior to its disallowance. If plaintiff's contention be true, one claimant would have six years in which to file his suit under the amendment. The other would have only six months. We think it is clear that the maximum time provided under the amendment for the filing of the suit which was barred by the six-year provision is one year from the date of the disallowance of the claim.

■ The plaintiff's suit having been filed one year, one month, and twenty-six days after the disallowance of his claim by the Veterans' Bureau is barred, unless under the amendment of June 29, 1936, he is allowed ninety days additional time within which to file a suit. The ninety-day provision of said amendment is not subject to the construction contended for by the plaintiff. A reading of the facts involved in the decisions cited herein reveals the purpose of the 1936 amendment. Under the amendment of 1930 the veteran had until July 3, 1931, to file his claim. In many of the decisions the claim was filed just a few days before July 3, 1931, giving to the veteran only a few days after his claim was disallowed within which to file his suit. To remedy this Congress enacted the amendment providing a minimum of ninety days from the date of the mailing of the notice of denial of an insured's claim within which to file suit, and made it retroactive to take care of those cases that had been dismissed because they were filed after the passage of the time under the amendment of 1930. There is nothing in the amendment of 1936 to indicate that under a state of facts wherein a plaintiff had one full year from the date of the disallowance of his claim within which to file his suit, and for some reason neglected to do so, he might have ninety days additional time.

■ The suggestion is made that veterans' legislation is to be construed liberally in favor of the veteran. Courts have uniformly so held. Under the acts of Congress as construed, plaintiff had until May 4, 1937, to file his suit. He claims disability from August 1, 1919. No explanation of why he waited ten years to file his claim, or more than a year after his claim was rejected to file a suit, is offered. Where the government's consent to be sued is definitely limited in point of time, courts are not justified in extending the time by implication. Weaver v. United States, 4 Cir., 72 F.2d 20.

The plaintiff has failed to bring himself within the proviso of either amendment to the World War Veterans' Act, and his cause of action is barred. The defendant's motion to dismiss is sustained, and plaintiff's cause of action is dismissed.