[No. 19780.   Department One.   April 16, 1926.]

*In the Matter of the Estate of* JOHN A. TORP, *Deceased, Respondent,* v. TOWN OF WILSON CREEK, *Appellant.*[1]

[1] OFFICERS (51)—RIGHTS AND POWERS—PRESUMPTION AS TO DISCHARGE OF DUTIES. Nothing to the contrary appearing, it will be presumed that state officers rightfully performed their official duties in making a compromise of state inheritance tax, expressly authorized by Rem. Comp. Stat. § 11215.

[2] APPEAL (11, 106)—EXISTENCE OF CONTROVERSY—ESTOPPEL—STIPULATIONS OF PARTIES. Where the parties to an appeal have compromised their existing differences, they have no right to stipulate as to the judgment to be entered by the supreme court, but the appeal will be dismissed, where it accomplishes the end sought by the parties.

[1]Reported in 245 Pac. 32.

Appeal from a judgment of the superior court for Grant county, Jeffers, J., entered September 22, 1925, upon findings in favor of the plaintiff, in an action to determine liability of an estate for an inheritance tax. Dismissed without costs.

*W. E. Southard*, for appellant.

*The Attorney General* and *E. W. Anderson, Assistant*, for respondent.

FULLERTON, J.—John A. Torp died testate, in the county of Grant, on January 21, 1924. He left an estate which he bequeathed and devised in part to the town of Wilson Creek, in that county. The state of Washington, through its department of taxation and examination, made claim to an inheritance tax on the property, which the town resisted. The executor of the will caused an issue to be framed in the superior court of Grant county, between the state and the town, for the purpose of having the respective rights of the contestants judicially determined; and on the hearing of the issue, the court determined that the property was subject to an inheritance tax. From the judgment entered in accordance with the determination, the town appeals.

On January 20, 1926, after the appeal had been perfected in this court and was pending for decision herein, the parties entered into and filed in this court a stipulation, the material parts of which follow:

"It is hereby stipulated and agreed, by and between W. E. Southard, attorney for appellant, and G. W. H. Davis, supervisor of the inheritance tax and escheat division of the tax commission of the state of Washington, and W. F. Van Ruff, collector of inheritance taxes and escheats, attorneys for the respondent, that a compromise and adjustment has been made in the above entitled matter, and the ends of justice will

be satisfied by a reversal of the decision of the superior court in the above matter, and it is hereby agreed and stipulated that the above case be reversed and that neither party recover costs."

Subsequently, and on February 4, 1925, this further stipulation was entered into and filed:

"It is hereby stipulated and agreed by and between W. E. Southard, attorney for appellant, and G. W. H. Davis, supervisor of the inheritance tax and escheat division of the state of Washington, and W. F. Van Ruff, collector of inheritance taxes and escheats, attorneys for the respondent, that the above entitled cause be submitted on the record as it now stands in the supreme court, the appellant having heretofore filed its brief therein and the respondent not having filed a brief for the reasons set forth in the former stipulation filed herein."

[1] The statute (Rem. Comp. Stat., § 11215) empowers the state officers charged with the duty of collecting inheritance taxes, under certain named conditions, to compromise with the beneficiaries of an estate, and compound the tax thereon. The stipulations above cited show that in this instance the parties have taken advantage of the statute and have compromised their differences. The record before us, it is true, does not disclose that all of the conditions were present which the statute imposes on the right to make a compromise, but it is equally true that it discloses nothing to the contrary. The presumption is, however, that public officers rightly perform their official duties, and that this presumption obtains until the contrary affirmatively appears. Applying these principles, we must assume that the compromise and adjustment made of the differences between the parties was such as to fall within the statute.

[2] Our sole concern, therefore, is, as to the disposition this court should make of the cause. Doubt-

less, this court will, on an appeal of an action where private interests only are involved, direct a reversal on a confession of error by a respondent, without an inquiry into the merits of the controversy, and will in certain instances do so where the cause involves a public interest. *Tacoma v. Dougan,* 4 Wash. 796, 31 Pac. 325.

But the usual instances in which an appellate court exercises its powers of reversal or affirmance over a judgment are in instances of existing controversies; instances where the order of the court will affect the merits of the controversy and determine some right of the litigants. In this instance, there is no longer any controversy pending. The parties have compromised and settled their differences, and the appeal is moot in so far as the court is concerned. It would seem that in such a case the parties should not be permitted to stipulate the judgment of the court. The usual practice in such cases is to enter an order of dismissal, and seemingly some grave reason should be shown to exist before a departure from the practice is warranted. Since a reversal requires a finding of error by this court, and a judgment of the court directing the lower court to set aside the judgment it did enter, it calls in this instance for roundabout and burdensome procedure to accomplish an end which the parties themselves can accomplish by a mere satisfaction of the judgment of the trial court.

No reason appears for a departure from the usual practice, and our order will be that the appeal be dismissed without costs to either party.

TOLMAN, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.