[Civ. No. 7484. Second Appellate District, Division One.—October 17, 1932.]

LENA PARSONS THALER, Respondent, v. JULIUS J. THALER, Appellant.

S. S. Hahn and W. O. Graf for Appellant.

Phi. O. Clough for Respondent.

CONREY, P. J.—The complaint, as filed in this action, stated a cause of action against defendant for recovery

of the sum of $8,929, with interest as stated. C. B. Conlin and S. Jack Cohen were plaintiff's attorneys of record. On the face of the record it appears that after due service of summons and complaint, the default of the defendant for failure to appear was duly entered, and judgment was entered by the clerk on April 18, 1930. Four days later defendant gave notice of motion to vacate the judgment and default, and the subsequent execution and levy, on the ground that said proceedings were taken against the defendant through his mistake, inadvertence, surprise and excusable neglect. Said motion was based on affidavits served and filed therewith. The motion was submitted upon the record, including said affidavits and certain counter-affidavits made by Alys Ulberg, C. B. Conlin and S. Jack Cohen. The motion was denied. Plaintiff appeals from the order.

Presumably Mr. Conlin and Mr. Cohen appeared and, as attorneys for plaintiff, resisted the motion, although the plaintiff herself furnished to defendant one of the affidavits upon which the motion was based. There is no record of any substitution of other attorneys for the plaintiff. Nevertheless, the notice of appeal was addressed to the plaintiff and to Phi. O. Clough, her attorney. Moreover, there has been filed in this court a "stipulation to reverse case" signed by Phi. O. Clough as attorney for plaintiff and respondent.

The explanation of this extraordinary situation may perhaps be found in the fact that, as shown by some of the affidavits, the plaintiff's attorneys of record had succeeded in recovering the money by means of a levy made under the execution which they obtained, and that said attorneys were claiming a right to a part of said money in accordance with the terms of an agreement for a contingent fee, and that the parties to the action, who are husband and wife, have made some kind of settlement between themselves. However that may be, we are concerned only with the questions of law arising on the appeal. ■ The mere fact that respondent is now willing to have the order reversed would not justify this court in rendering a judgment of reversal. A judgment or order will not be reversed unless the record shows some legal ground for reversal. In this case the order is sustained by the record for at least two reasons. ■ There is not any sufficient affidavit of merits. The affidavit

of Mr. Graf, one of the attorneys for appellant, stated that he believes the defendant has a good defense to the action, but it did·not state or show that the facts of the case were known by him or had been stated to him. The ''proposed verified answer'', if any there was, is not in the record here. There was no error in the court's ruling. (*Andrews* v. *Jacoby*, 39 Cal. App. 382 [178 Pac. 969].) █ Moreover, if the court believed, as apparently it did believe, the facts stated in the counter-affidavits, it is apparent that there was no abuse of discretion in denying the motion.

The order is affirmed.

Houser, J., and York, J., concurred.