## DEEP ROCK OIL CORPORATION v. STATE.

No. 24919. Feb. 13, 1934.

Rainey, Flynn, Green & Anderson and Wilcox & Swank, for plaintiff in error.

Guy L. Horton, County Attorney, L. G. Lewis, and John W. Whipple, for defendant in error.

PER CURIAM. This action was commenced by J. H. Brown, tax ferret, before the county treasurer of Payne county, and a decision of the county treasurer ordering the assessment against plaintiff in error of certain omitted property was appealed to the county court of Payne county in the time and manner required by law. The county court sustained the action of the county treasurer, from which an appeal is taken to this court.

On the 31st day of January, 1934, the state of Oklahoma, by its representative, the county attorney of Payne county, filed a confession of error, as follows:

"Comes now the defendant, by its attorney, and confesses error of the county court of Payne county, Okla., in the trial of said cause in this, to wit:

"That at the time of the trial in the county court of Payne county, Okla., that the judgment of the county court was rendered in accordance with the judgment of the Supreme Court in the case of Johnson Oil Refining Company, Plaintiff in Error, v. State of Oklahoma ex rel. C. E. Mitchell, County Attorney of Pawnee County, Okla., et al., Defendant in Error. That since said date said cause has been appealed to the Supreme Court of the United States, and on the 4th day of December, 1933, an opinion was rendered in said cause, to wit: Johnson Oil Refining Company v. State of Oklahoma ex rel. C. E. Mitchell, County Attorney of Pawnee County, Okla., et al. (45 S. Ct. 152, 78 L. Ed. ___), to the Supreme Court of the United States and by the opinion rendered by the Supreme Court of the United States on the 4th day of December, 1933, said cause of the Johnson Oil Refining Company, Plaintiff in Error, v. State of Oklahoma et al., has been reversed and remanded back to the Supreme Court of the State of Oklahoma. That conforming to the opinion of the United States Court that the judgment rendered in this cause· was erroneously rendered. Therefore, your defendants, in open court, confess error and move that this cause be remanded to the county court of Payne county, Okla."

This court has held that where an appeal is taken to this court and the question involves a matter of public interest such as taxation and a confession of error is filed on behalf of the representative of the state, this court will examine the facts and law involved, and if the action warrants, reverse and remand the action, with directions in accordance with said confession of error. In the Chicago, R. I. & P. Ry. Co., 164 Okla. 264, 23 P. (2d) 690.

We have examined the record and brief filed by the plaintiff in error and the authorities cited in the confession of error, and are of the opinion that the proceedings should be reversed and remanded to the county court with directions to vacate the order and judgment rendered and enter such order as is necessary to conform with the said confession of error on the records of the county treasurer of Payne county. It is so ordered.