**LAYTON et al. v. UNITED STATES.**
No. 10140.

Circuit Court of Appeals, Eighth Circuit.
June 8, 1935.

W. P. Rooney, of Hot Springs, S. D., and P. F. Ward, of Pierre, S. D., for appellant.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

PER CURIAM.

This suit was begun in December, 1930, by the mother of a World War veteran to recover upon his contract of war risk insurance in which she was the named beneficiary. It was alleged in the petition that the veteran became totally and permanently disabled during the life of the insurance

500

contract, that disagreement had been arrived at, and that the payments called for by the contract were due and unpaid. In 1934 "the case came before the District Court on motion of the government to dismiss on the ground that the plaintiff had not brought the suit within the time allowed by law." The court found from affidavits considered on the motion "that the claim for insurance benefits under said war risk insurance policy was fully and finally passed upon by the United States Veterans' Bureau while the Act of May 29, 1928, was in full force and effect, and all rights to recover insurance benefits were concluded by said Act, and that no right to bring a suit for insurance benefits under said war risk insurance policy existed because suit was not filed thereon within the time permitted by the Act of Congress." The court concluded further that the suit was not brought within any time authorized or permitted by any statute of the United States, and that the court was without jurisdiction over the subject-matter of the action. The suit was accordingly dismissed, and by appropriate assignments of error it is presented that the finding, conclusion, and order were erroneous.

As pointed out by the Supreme Court in Grigg v. United States, 277 U. S. 582, 48 S. Ct. 600, 72 L. Ed. 998, there was no applicable federal statute of limitations in actions to recover on policies of war risk insurance prior to the Act of May 29, 1928, entitled "An Act To Amend the World War Veterans' Act, 1924." H. R. 13039, 70th Cong., 1st Sess. (45 Stat. 964).

"That act amends section 19 of the world war veterans' act (38 USCA § 445) and allows suit to be brought on policies of war-risk insurance within six years after the right accrues or within one year from the date of the approval of the amendatory act. It provides also:

"'Judgments heretofore rendered against the person or persons claiming under the contract of war-risk insurance on the ground that the claim was barred by the statute of limitations shall not be a bar to the institution of another suit on the same claim. No state or other statute of limitations shall be applicable to suits filed under this section. This section shall apply to all suits now pending against the United States under the provisions of this section.'" See 38 USCA § 445.

On July 3, 1930, the World War Veterans' Act was again amended (46 Stat. 992, § 4 [38 USCA § 445]) to read: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date. * * * No State or other statute of limitations shall be applicable to suits filed under this section."

The right to sue in this case accrued when the disagreement was reached, as found by the trial court, in 1929, and such right was continued under the plain wording of the act of 1930 "within one year after July 3, 1930." No other statute of limitations can be applied and the trial court erred in applying the Act of 1928. Baille v. United States (C. C. A.) 70 F.(2d) 527.

The Solicitor General of the United States now appears by the United States Attorney for the District of South Dakota duly authorized and for the United States confesses that the District Court was in error in holding that the Act of July 3, 1930, did not authorize the filing of the suit in 1930. We have found error as assigned by appellants, and reverse and remand the case for that reason. We do not hold that upon such an appeal as is here presented this court may reverse the judgment of the trial court upon the confession of error of the appellee. Thaler v. Thaler, 127 Cal. App. 28, 15 P.(2d) 192; Riley v. Commissioners' Court (Tex. Civ. App.) 12 S.W.(2d) 1072; Waite v. Waite, 180 Cal. 238, 180 P. 941; Torp's Estate v. Town of Wilson Creek, 138 Wash. 695, 245 P. 32; Boss Livery Co. v. Griffith, 17 Ala. App. 474, 85 So. 849; Webb Sumner Oil Mill v. Southern Coal Co., 129 Miss. 127, 91 So. 698; In re Wellman's Estate, 260 Mich. 13, 244 N. W. 212; Smith v. Smith, 212 Ky. 762, 280 S. W. 103; Deep Rock Oil Corp. v. State, 167 Okl. 324, 29 P.(2d) 618; Gen. Motors Acc. Corp. v. Board, etc. (Okl. Sup.) 36 P.(2d) 39; Indian Territory Illuminating Oil Co. v. Board, 162 Okl. 25, 18 P.(2d) 1050; Oliver v. Kelly, 162 Okl. 55, 18 P.(2d) 1064; State v. Sarasota County (Fla.) 157 So. 21; Hodgins Transfer Co. v. Carlson, 31 N. D. 546, 154 N. W. 254; Jones v. Walker, 32 S. D. 247, 142 N. W. 943.

Reversed and remanded.