**MARSH v. UNITED STATES.**

No. 4321.

Circuit Court of Appeals, Fourth Circuit.

June 6, 1938.

Robert H. McNeill, of Washington, D. C., and Levin Nock Davis, of Accomac, Va. (Warren E. Miller of Washington, D. C., on the brief), for appellant.

Kenneth E. Spencer, Atty., Department of Justice, of Washington, D. C., and Russell T. Bradford, Asst. U. S. Atty., of Norfolk, Va. (Sterling Hutcheson, U. S. Atty., of Richmond, Va., Julius C. Martin, Direc-

328

tor Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., on the brief) for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an action upon a policy of war risk insurance issued to one George Edward Marsh who died on August 13, 1919. Premiums were paid which kept the policy in force until May 1, 1919; and there was a finding by the jury that the insured was totally and permanently disabled on and after March 15, 1919, until his death. The court below held, however, that action on the policy was barred by the statute of limitations and rendered judgment for the government, from which the administrator of the insured has appealed.

Two beneficiaries in case of death were named in the policy, Walter H. Marsh, Jr., and Cora Marsh Lewis, brother and sister respectively of the insured. Following his death, the beneficiary Walter H. Marsh, Jr., notified the Bureau of War Risk Insurance thereof and sent a postal money order for the unpaid premiums. On October 16, 1919, Mr. Marsh was notified in a letter from the Assistant Director of the Bureau that insurance was not payable under the policy for the reason that premiums were delinquent at time of death. Some months later a member of Congress wrote the Director asking that the rights of the beneficiaries under the policy be investigated. On August 31, 1920, a letter of the Director advised that no insurance was payable under the policy because it had lapsed prior to the death of insured because of non-payment of premiums. Total and permanent disability of the insured during the life of the policy was not referred to in any of this correspondence, and there is nothing to show that it was considered by the Bureau in passing upon the claim.

On June 26, 1931, Walter H. Marsh, Jr., filed claim with the Bureau under the policy, stating that the insured was totally and permanently disabled from March 8, 1919, until his death. While this claim was pending before the Bureau, Walter H. Marsh, Jr., died and the claim was prosecuted before the Bureau by Walter H. Marsh, Sr., who, as his father, was the sole distributee of his estate as well as of the estate of the insured.

The claim was rejected and the rejection approved by the Board of Veterans Appeals on September 11, 1935, and on September 12, 1935, notice of rejection was received by Walter H. Marsh, Sr. On September 18, 1935, having qualified as administrator of the insured, Walter H. Marsh, Sr., as such administrator, instituted suit for the full amount due under the policy. On the hearing of the cause in February, 1937, the administratrix of Walter H. Marsh, Jr., and Cora Marsh Lewis, the other beneficiary, asked leave to intervene and be made parties to the cause, but their application was denied. The claim of Walter H. Marsh, Sr., as administrator of the insured was held barred on the ground that a disagreement within the meaning of the statute existed as early as August 31, 1920, the date of the letter to the Congressman denying liability under the policy, that the statute of limitations must be reckoned from that date, and that no rights could be based on the subsequent claim or on the later statutes extending the period of limitations.

Assuming that the correspondence in 1919 and 1920 amounted to a filing and rejection of claim resulting in a disagreement which would authorize suit on the policy (United States v. Townsend, 4 Cir., 81 F.2d 1013), we are nevertheless of opinion that the learned judge below was in error in holding that the suit was barred by the statute of limitations. No limitation on suits was prescribed by federal statute prior to the Act of May 29, 1928, 45 Stat. 964; and that statute, which excluded the application of any state statute of limitations, fixed the period of limitation at six years after the accrual of the right under the policy or one year from the date of the approval of the act "whichever is the later date." Grigg v. United States, 277 U.S. 578, 582, 48 S.Ct. 600, 72 L.Ed. 998. The amendatory act of July 3, 1930, 46 Stat. 992, 38 U.S.C.A. § 445, contained a similar provision, thus extending to July 3, 1931, the time within which suit might be brought. It also provided for suspension of the limitation "for the period elapsing between the filing in the bureau *of the claim sued upon* and the denial of said claim by the director." (Italics ours). And by the Act of June 29, 1936, ninety days was allowed for institution of suit from the time of the rejection of the claim. 49 Stat. 2034, 38 U.S.C.A. § 445d. There can be no question, but that these later statutes extended the period for suit on war risk insurance claims wheth-

er they were previously barred or not. Layton v. United States, 8 Cir., 78 F.2d 499; Baille v. United States, 8 Cir., 70 F.2d 527.

■ The question arises whether, in view of the rejection of a claim based on the policy in 1920, the running of limitations was suspended while the claim filed in 1931 was under consideration by the Bureau; but we think it clear that this question must be answered in the affirmative. The suit was upon the latter claim, not the former (Berntsen v. United States, 9 Cir., 41 F.2d 663); and the statute expressly provides for the suspension of the limitation during the period it is under consideration. If the Bureau had refused to consider it on the ground that a similar claim had been denied, a different question might be presented by analogy to the rule applicable to suspension of the running of the statute of limitations relating to appeals pending application for rehearing. Morse v. U. S., 270 U.S. 151, 154, 46 S.Ct. 241, 242, 70 L.Ed. 518. But the claim was substantially different from the one presented in 1919 and 1920 in that it was based on total and permanent disability and not death alone; and the Bureau did pass upon and reject it, just as though the former claim had not been filed. Under such circumstances, we think it clear that the rights of the claimants were not prejudiced by the filing of the former claim. As we said in the recent case of United States v. Powell, 4 Cir., 93 F.2d 788, 791, which is directly in point:

"The point that the rights of plaintiff with reference to the portion of the claim in controversy must be determined solely with reference to the claim filed by the father and mother in 1925, and not with reference to the claim filed by plaintiff in 1931, is not raised either by the assignments of error or the brief of the government; and neither side seems to have attached any importance either to the claim itself or to its rejection. The nature of that claim does not appear from the record; but it was stated at the bar of the court that it was a mere claim for insurance without reference to the total and permanent disability of the soldier during the life of the policy. We agree, however, that it has no bearing on the questions involved in the case. Certainly plaintiff can base no rights upon it, and we do not see how either its filing or rejection can be held to prejudice plaintiff's rights under the claim filed on July 2, 1931. That claim was based on the disability of the soldier as well as on his death and was for the full amount of the policy. It was filed before the bar of the statute had fallen and suit was commenced upon it within the time that the statute allows."

Even if suit had been instituted on the first claim and judgment had been rendered that the claim had been barred by the statute of limitations, it is expressly provided by the statute that this would not bar another suit on the same claim. 46 Stat. 993, 38 U.S.C.A. § 445.

■ Another question that necessarily arises in the case is whether the suit is barred as to any part of the insurance covered by the policy. As to this, it must be remembered that claim was filed under the policy by Walter H. Marsh, Jr., one of the beneficiaries, within the time permitted by the statute. Upon his death, the right to the payment subsequently accruing under the policy, to which he would have been entitled had he lived, passed to the estate of the insured. 38 U.S.C.A. § 514; McCullough v. Smith, 293 U.S. 228, 55 S.Ct. 157, 79 L.Ed. 297; Singleton v. Cheek, 284 U.S. 493, 52 S.Ct. 257, 76 L.Ed. 419, 81 A.L.R. 923. Suit was instituted by the administrator of the insured within the time allowed by statute, when the period that the claim was under consideration by the Bureau is excluded from the computation. The suit was manifestly not barred, therefore, as to the portion of the proceeds of the policy to which the estate of the insured was entitled, i. e., the portion of the payments accruing after the death of Walter H. Marsh, Jr., to which, but for his death, he would have been entitled. As to the payments which accrued during the lifetime of Walter H. Marsh, Jr., recoverable by his administratrix, it appears that his father, Walter H. Marsh, Sr., is the sole distributee of his estate as well as of the estate of the insured and that any recovery on account of the share of the insurance payable to Walter H. Marsh, Jr., would be for the benefit of Walter H. Marsh, Sr., whether recovered by himself as administrator of the insured or by the administratrix of Walter H. Marsh, Jr. If, therefore, he had qualified as administrator of Walter H. Marsh, Jr., he could have been joined in that capacity in the suit which he instituted as administrator of the insured to recover on the policy for his own benefit. U. S. v. Powell, 4 Cir., 93 F.2d 788; Lopez v. United States, 4 Cir., 82 F.2d 982. The reasons for permitting such joinder are fully set forth in the Powell and Lopez Cases and need not be repeated here. It can make

no difference we think, that the administratrix, who is seeking to sue for the benefit of the person for whose benefit the original suit was brought, is a different person from the administrator suing in that suit.

■ And there is another reason why intervention on the part of the administratrix of Walter H. Marsh, Jr., should be permitted, which applies also to the application to intervene made by Cora Marsh Lewis, the other beneficiary under the policy. The statute, after providing that in the event a disagreement as to claim under a contract of insurance suit may be brought against the United States, goes on to provide: "All persons having or claiming to have an interest in such insurance may be made parties to such suit, and such as are not inhabitants of or found within the district in which suit is brought may be brought in by order of the court to be served personally or by publication or in such other reasonable manner as the court may direct." 43 Stat. 613, 38 U.S.C.A. § 445. We think that this provision of the statute should be construed as permitting intervention in an action seasonably instituted after disagreement to recover under a policy, even though the parties seeking to intervene have not filed claim or instituted suit within the period of limitations.

■ As we pointed out in United States v. Townsend, 4 Cir., 81 F.2d 1013, 1014, the only purpose of requiring claim as a prerequisite to suit is to give notice to the government that claim is being made under the policy, so that it may make investigation and pay any amount due without being subjected to the trouble and expense of litigation. Claim by any person interested under a policy serves this purpose, as the policy is one entire contract and the government, if it acknowledges liability, does so with respect to that contract and the persons entitled thereunder. Where, therefore, a claim is denied and suit is instituted thereon, such suit is in reality for the benefit of all persons interested under the policy, provided they come in and make themselves parties; and in such situation the statute of limitations should apply not to the time of intervention, as in the case of the assertion of an independent claim, but to the time of the institution of suit which has been brought to enforce the liability in which all are interested. This is the rule generally applied in creditors' suits. 15 C.J. 1409; Richmond v. Irons, 121 U.S. 27, 51, 52, 7 S.Ct. 788, 30 L.Ed. 864; Dobson

v. Simonton, 93 N.C. 268; Laidley v. Kline's Adm'r, 23 W.Va. 565; Taber v. Royal Ins. Co., 124 Ala. 681, 26 So. 252; Dunn v. Portland St. R. Co., 40 Or. 295, 65 P. 1052. And it is not unreasonable to apply it to suits such as this, where the establishment of liability under the policy is the matter in which all the beneficiaries are interested and where all are given the right to intervene. The institution of suit by one beneficiary is potentially for the benefit of all just as in the case of the filing of a creditors' bill. Congress has shown the greatest liberality in extending the period of limitations prescribed by the statutes and in permitting the reinstitution of suits which fail for defect of process or other reason; and we do not think that it was intended that persons interested under a policy, who intervene pursuant to statute in a suit properly and seasonably instituted to recover thereunder, should be held barred of all right because of failure to obtain a disagreement in addition to the one which serves as the basis of the suit, or because they have failed to intervene within the period limited for its institution.

■■ It is said that disagreement is a prerequisite to suit and that there can be no disagreement as to claims not filed with the Bureau. United States v. Mills, 6 Cir., 91 F.2d 487. There is, however, as to the claim on which suit is brought a disagreement which goes to the basis of liability on the entire policy and authorizes the suit; and where suit is properly instituted by the person whose claim is denied, or by one who has succeeded to the rights of such person, it inures to the benefit of all who claim under the policy and are properly made parties to such suit under the statute. This does not mean, of course, that an independent suit may be instituted by a beneficiary who has filed no claim or that the filing of suit by one beneficiary would prevent the bar of the statute in an independent suit filed by another. It means merely that the statute is tolled by the institution of the suit as to all who are made parties to that suit for the purpose of sharing in the recovery under the policy. This holding will prevent the unseemly spectacle of the government's being absolved from making payments to beneficiaries of deceased soldiers in cases where its liability under policies issued for their benefit has been judicially established; and we think that it is amply justified by the liberal interpretation to which such a statute is justly

entitled. It is in accord, so we understand, with the position taken by the Bureau since our decision in the Powell Case, supra.

It follows that the court below was in error in holding the suit barred by the statute of limitations and that the cause must be remanded for a new trial. On such trial Cora Marsh Lewis and the administrator of Walter H. Marsh, Jr., should be permitted to intervene in accordance with the principles herein expressed. The plaintiff Walter H. Marsh, Sr., as administrator of the deceased soldier should be permitted to assert claim for the installments of insurance which accrued prior to the death of insured, as well as to the portion of the installment accruing subsequent to the death of Walter H. Marsh, Jr., to which the latter would have been entitled but for his death.

Reversed.