Filed 1/21/25; on rehearing

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B331439 |
| | (Super. Ct. No. TA128922) |
| Plaintiff and Respondent, | (Los Angeles County) |
| v. | OPINION ON REHEARING |
| JAVIER VILLAGRANA, | |
| Defendant and Appellant. | |

The victim of a "drive-by," gang motivated shooting, who suffers six bullet wounds, and who dies as a result thereof, is a murder victim. This seems unremarkable. The only rational inference that can be drawn from this uncontested factual predicate is that the crime is murder.

In 2014, Javier Villagrana pleaded no contest to voluntary manslaughter and admitted gang as well as personal use of a firearm allegations. This was a lenient offer by the prosecutor. Appellant now challenges the trial court's denial of his subsequent Penal Code section 1172.6 petition for resentencing.[1]

---

[1] All further statutory references are to the Penal Code.

We affirm. Appellant's connection to, and causation of this murder is demonstrated by his plea and admissions of the enhancement allegations.

*Facts*

In June 2013, Los Angeles Sheriff's deputies responded to a call regarding a "drive-by" shooting. When Deputy Eugene Contreras arrived at the location, he found an unconscious man lying on the ground with multiple gunshot wounds, six of them. He also found seven .22-caliber casings at the scene. The victim was taken to the hospital where he died.

*Procedural Background*

In November 2013, the People filed an information charging appellant and Jaime Chavez, appellant's cousin, with the murder of Juan Vasquez and alleging gang and firearm enhancements. (§§ 187, subd. (a), 186.22, subd. (b)(1)(C), 12022.53, subds. (b)-(e).)

Pursuant to a negotiated disposition, appellant pleaded no contest to an amended charge of voluntary manslaughter. (§ 192, subd. (a).) He also admitted the gang enhancement allegation and that he personally used a firearm during the commission of the crime.[2] (§§ 186.22, subd. (b)(1)(C), 12022.5, subd. (a)(1).) The trial court sentenced appellant to 26 years in state prison.

---

[2] Chavez, the codefendant, pleaded no contest to voluntary manslaughter and admitted the gang enhancement allegation. Unlike appellant, he was not charged with nor did he admit any personal use of a firearm enhancement allegation. (§ 12022.5, subd. (a)(1).) The logical inference which can be drawn from this is that Chavez did not personally use a firearm to murder Vasquez.

*Section 1172.6 Proceedings*

In 2022, appellant filed a form petition for resentencing. He declared that he could not now be convicted of murder. After appointing counsel and considering the briefing, the trial court found appellant established a prima facie case and issued an order to show cause. The People opposed the petition, arguing that appellant was prosecuted as the actual killer and thus ineligible for resentencing as a matter of law.

After conducting an evidentiary hearing, the trial court factually, and also, legally found appellant ineligible for resentencing and denied the petition.

*Discussion*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) amended the felony murder rule and the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To that end, Senate Bill 1437 amended section 188 by adding a requirement that, except as stated in section 189, subdivision (e), all principals to murder must act with express or implied malice. (§ 188, subd. (a)(3).) A person charged with murder who negotiates a plea bargain down to manslaughter may be eligible for sentencing relief.

Senate Bill 1437 also enacted section 1172.6, which created a procedural mechanism for defendants who could not be convicted of murder or attempted murder under the amended laws to seek retroactive relief. (§ 1172.6, subd. (a)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 957.) If the trial court determines that the petitioner has made a prima facie showing of entitlement

to relief, it must issue an order to show cause and hold an evidentiary hearing.  (§ 1172.6, subds. (c), (d); *Lewis*, at pp. 959-960.)

At the evidentiary hearing, the prosecution has the burden "to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (d)(3).)

"The admission of evidence in the hearing shall be governed by the Evidence code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed.  The court may also consider the procedural history of the case recited in any prior appellate opinion.  However, hearsay evidence that was admitted in a preliminary hearing . . . shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule.  The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens".  (§ 1172.6, subd. (d)(3).)

The trial court acts as an independent fact finder in determining whether the People have met their burden.  (*People v. Schell* (2022) 84 Cal.App.5th 437, 442; *People v. Clements* (2022) 75 Cal.App.5th 276, 293-294, 297; *People v. Garrison* (2021) 73 Cal.App.5th 735, 745.)  We review the trial court's fact finding for substantial evidence.  (*Clements*, at p. 298.)  We do not reweigh the evidence.

At the evidentiary hearing, the People asked the trial court to take judicial notice of the information, the plea and sentencing transcripts, and portions of the preliminary hearing transcript

4

related to Deputy Contreras's testimony. Appellant's plea and admissions are tantamount to evidence. They certainly must be considered at a resentencing hearing.

After considering the evidence, the trial court found appellant was "factually ineligible" for resentencing "based on the fact that there was no natural and probable consequence [theory], implied malice theory, or felony murder [theory]." Thus, the trial court presumably found appellant ineligible as the actual shooter or, at the very least, as a direct aider and abettor to murder. This is a rational inference and not speculation. (See *People v. Bohana* (2000) 84 Cal.4th 360, 369 (*Bohana*).) "Somewhere along the evidentiary spectrum, a rational inference loses its character if one or more of the premises upon which it rests, fails. When this happens, the inference becomes irrational speculation. Here, the inferences drawn by [the trier of fact, the sentencing judge] were rational." (*Ibid*.)

It is well settled that reversal for insufficient evidence is unwarranted unless it appears "'"that upon no hypothesis whatever is there sufficient substantial evidence to support"'" the finding. (*People v. Manibusan* (2013) 58 Cal.4th 40, 87 (*Manibusan*), quoting *People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

"Our role in reviewing the sufficiency of the evidence in a criminal case is a limited one. [Citation.] We examine the entire record in the light most favorable to the judgment below to determine whether it discloses substantial evidence such that any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. [Citations.] Substantial evidence is '"evidence which is reasonable, credible, and of solid value."' [Citation.] Although 'mere speculation cannot support a

5

conviction' [citation], the trier of fact is entitled to draw reasonable inferences from the evidence and we will ""presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citations.]"""" (*Bohana, supra,* 84 Cal.App.4th at pp. 367-368.)

Applying these principles and drawing all inferences in favor of the trial court's findings, a rational trier of fact could reasonably have found appellant guilty, beyond a reasonable doubt, as a direct aider and abettor to murder, if not as the actual shooter. The evidence established that there were seven .22-caliber casings at the scene. Vasquez was shot six times, including in the neck, upper torso, and forearm. He died as a result of these injuries. Appellant was present at the shooting. He admitted using a firearm in an affirmative manner. He admitted the offense was gang related. And appellant admitted he was responsible for Vasquez's death as indicated by his plea to voluntary manslaughter.

The Attorney General confesses error based upon *People v. Jones* (2003) 30 Cal.4th 104 to support its theory that the evidence was insufficient to infer appellant was the actual shooter. In *Jones*, our high court explained, "[i]f two robbers display guns to intimidate robbery victims and one shoots and kills a victim, both robbers could be found to have personally used a gun in the robbery . . . even though only one is the actual killer." (*Id.* at p. 1120.)

But *Jones* does not apply where, as here, the only person who admitted to using a firearm during the commission of the offense is appellant. The logical inferences that were drawn by the trier of fact are: (1) that appellant personally harbored malice by shooting at the victim seven times, and (2) he could still be

found guilty of murder, at the very least, as a direct aider and abettor.[3]

Appellant's remaining contention that the trial court applied an erroneous standard of proof is meritless.  The trial court recognized its error in failing to state the standard on the record, placed the matter on calendar, and expressly stated, "The court finds that the People have proven beyond a reasonable doubt that Mr. Villagrana could be found guilty of murder if he were tried under the new law."

Accordingly, sufficient evidence supports the trial court's finding that appellant was ineligible for resentencing.

*Reply to Dissent*

The dissent discussion is at variance with the rules on appeal.  It reweighs the evidence.  It does not draw logical inferences.  In our opinion, it does not adhere to the California Supreme Court opinions in *Manibusan*, *supra*, 58 Cal.4th 40, 87 and *People v. Albillar* (2010) 51 Cal.4th 47, 60 (*Albillar*).  As an intermediate appellate court, we are required to follow the *Manibusan* and *Albillar* rules.  (*Auto Equity Sales Inc. v Superior Court* (1957) 57 Cal.2d 450, 457.)  The dissenting opinion would be an excellent model for a trial court to emulate in deciding to grant resentencing.  But it is not a model for a court of appeal opinion.  The trier of fact is the Superior Court, not a justice on the Court of Appeal.

We are not speculating by drawing logical inferences.  We do not think the factual and legal ruling by the trial court judge,

---

3 An appellate court is not required to accept respondent's confession of error.  (*Thaler v. Thaler* (1932) 127 Cal.App. 28, 29; see also *People v. Robinson* (Nov. 18, 2024) ___ Cal.App.5th ___ [2024 Cal.App.LEXIS 729].)

the Honorable Connie Quinones, is irrational as stated in the dissent.  The trial court's ruling is presumed to be correct.  Even if we believed that the circumstances " . . . might also reasonably be reconciled with a contrary finding," such does not allow us to reverse the order under review.  (*Albillar*, *supra*, 51 Cal.4th at p. 60.)  We do not shrink from our duty to uphold it where, as here, there is a "hypothesis" that supports the ruling.  (*Manibusan*, *supra*, 58 Cal.4th at p. 87.)  The uncontested facts show murder and necessarily, malice.  How else did the victim receive six bullet wounds, as a result of street gang violence, which caused death?

The only issue here is appellant's causation of, and connection to this murder.  The People proved this causation and connection by appellant's no contest plea to voluntary manslaughter and his admission that he used a firearm in the commission of the offense.  There is no question but that, even with the changes to murder laws, appellant could now be convicted of murder.  With confidence, we say that the Legislature did not intend to provide sentencing relief in this situation.  There is no miscarriage of justice and reversal for resentencing to a lesser sentence is not appropriate.

*Disposition*

The trial court's order is affirmed.

<u>CERTIFIED FOR PUBLICATION</u>.


YEGAN, J.

I concur:


GILBERT, P. J.

8

BALTODANO, J., dissenting:

I respectfully dissent. While I agree that the evidence relied on by the trial court shows that Juan Vasquez died from multiple gunshot wounds, it does not prove, beyond a reasonable doubt, that Javier Gabriel Villagrana is guilty of Vasquez's murder.

During a Penal Code[1] section 1172.6 evidentiary hearing, prosecutors bear the burden of proving, beyond a reasonable doubt, that a person who was convicted of manslaughter under prior versions of California law could still be convicted of murder under current law. (§ 1172.6, subd. (d)(3).) Prosecutors may meet this burden by offering into evidence matters that were previously admitted into evidence and are admissible under current law, plus any new evidence they choose to proffer. (*Ibid.*) We review whether they have done so for substantial evidence. (*People v. Clements* (2022) 75 Cal.App.5th 276, 298 (*Clements*).)

Based on the record here, there is insufficient evidence that is " ' "reasonable, credible, and of solid value" ' " to support the conclusion that prosecutors met their burden during Villagrana's evidentiary hearing. (*Clements, supra*, 75 Cal.App.5th at p. 298.) At that hearing prosecutors chose not to introduce any new evidence. They instead relied on the information, the plea colloquy, the sentencing transcript, and excerpts from the preliminary hearing transcript; there was no trial. These documents show that: (1) in June 2013 Vasquez died after suffering multiple gunshot wounds; (2) a sheriff's deputy found several bullet casings at the scene of Vasquez's shooting; (3) prosecutors charged Villagrana and a codefendant, Jaime

---

[1] Statutory references are to the Penal Code.

1

Chavez, with Vasquez's murder (§ 187, subd. (a)) and alleged that they killed him for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)) while using firearms (§§ 12022.53, subds. (b), (c), & (d), 12022.55); (4) Villagrana pleaded no contest to the voluntary manslaughter of Vasquez (§ 192, subd. (a)) and admitted the gang allegation and a firearm use allegation (§ 12022.5, subd. (a)); and (5) Chavez pleaded no contest to manslaughter and admitted the gang allegation.

In my view, no rational trier of fact could reasonably find Villagrana guilty of murder based on the evidence presented and considered at the evidentiary hearing. None of this evidence shows that Villagrana was the actual shooter. (Cf. *People v. Garcia* (2022) 82 Cal.App.5th 956, 973 [§ 1172.6 resentencing relief unavailable to actual killers].) Villagrana was not the sole perpetrator. Nothing indicates that his was the only firearm used during the shooting, nor does anything connect him to the bullet casings found at the scene or the firearm that killed Vasquez. And while he admitted to the use of a firearm, such use does not require actually firing the weapon (*People v. Jones* (2003) 30 Cal.4th 1084, 1120); the allegations that could have shown that Villagrana fired his weapon were jettisoned by prosecutors. That is why the Attorney General concedes insufficient evidence supports a murder conviction here.

The evidence also fails to prove that Villagrana harbored malice aforethought. (Cf. § 188, subd. (a)(3) [subject to exception not relevant here, person must act with malice to be guilty of murder].) Villagrana pleaded no contest to voluntary manslaughter—the killing of a person *without* malice. (*People v. Nunez* (2023) 97 Cal.App.5th 362, 368.) And because no evidence connects Villagrana to the bullet casings or firearm that killed

2

Vasquez, it cannot be reasonably inferred that he acted with malice—again, something the Attorney General concedes. (Cf. *People v. Smith* (2005) 37 Cal.4th 733, 742 [malice may be inferred from firing gunshots at a person].)

The Attorney General's concessions are not based on competing interpretations of the documents introduced at Villagrana's evidentiary hearing, but on what these documents do not show. *People v. Manibusan* (2013) 58 Cal.4th 40 at pages 87 to 88 and *People v. Albillar* (2010) 51 Cal.4th 47 at pages 60 to 64 thus do not mandate affirmance. The majority nevertheless states that Villagrana was the actual shooter—or "at the very least . . . [an] aider and abettor"—because he was present at the scene of Vasquez's shooting and, unlike Chavez, admitted to using a firearm. (Maj. opn., *ante*, at pp. 2, fn. 2, 6-7.) From this, my colleagues conclude that Villagrana harbored malice aforethought, rendering him ineligible for section 1172.6 relief. (Maj. opn., *ante*, at pp. 6-7.)

I respectfully disagree. In reaching its conclusion, the majority relies on the absence of Chavez's admission to using a firearm, positing that Villagrana either shot or aided and abetted the shooting of Vasquez because Chavez did not admit to using a firearm. But an either-or fallacy is not evidence. (*People v. Raley* (1992) 2 Cal.4th 870, 891 [" ' "finding of fact must be an inference drawn from evidence rather than . . . a mere speculation as to probabilities" ' "].)

Villagrana and Chavez also reached plea agreements with prosecutors after facing 50-year-to-life sentences if convicted at trial. But the plea colloquy does not provide insight into why the parties agreed that certain allegations would be admitted while others would be dismissed. I hesitate to imagine such reasons;

3

my role is "to determine whether there is any substantial evidence, contradicted or uncontradicted, to support a rational fact finder's findings beyond a reasonable doubt." (*Clements*, *supra*, 75 Cal.App.5th at p. 298.) Here, I do not believe substantial evidence supports the trial court's conclusion that Villagrana was the actual shooter. I would therefore vacate the order denying Villagrana's section 1172.6 petition and remand the matter for resentencing. (§ 1172.6, subd. (d)(3); *People v. Guiffreda* (2023) 87 Cal.App.5th 112, 132.)

CERTIFIED FOR PUBLICATION.


BALTODANO, J.

Connie R. Quinones, Judge

Superior Court County of Los Angeles

_____

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Stephanie Yee, Deputy Attorney General, for Plaintiff and Respondent.