Filed 6/10/25  P. v. Williams CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES WILLIAMS,<br><br>    Defendant and Appellant. | 2d Crim. No. B338080<br>(Super. Ct. No. YA067398)<br>(Los Angeles County) |

James Williams appeals an order denying his petition for recall and resentencing under Penal Code section 1170, subdivision (d)(1)[1].  He contends the trial court erred because his aggregate sentence of 99 years to life is de facto life without the possibility of parole (LWOP).  The Attorney General concedes appellant is eligible for relief.  We agree and will remand.

---

[1] Further undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In 2009, a jury convicted appellant of first-degree murder (§ 187, subd. (a); count 1); three counts of attempted willful, deliberate, and premeditated murder (§§ 664, 187, subd. (a), counts 2-4); and assault with a firearm (§ 245, subd. (a)(2), count 5). The jury found true allegations appellant personally and intentionally discharged a firearm in committing the murder (§ 12022.53, subds. (b)-(d)) and personally used a firearm in committing the attempted murders (§ 12022.53, subd. (b)) as well as allegations all the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)). Appellant was a minor when these crimes were committed. He was sentenced to an aggregate prison term of 129 years to life.

On direct appeal we struck the consecutive 10-year gang enhancements imposed on each of the three attempted murder counts and ordered the sentences on each of those counts modified to reflect a 15-year minimum parole eligibility term. This effectively reduced appellant's aggregate sentence by 30 years, resulting in a term of 99 years to life. We also ordered the judgment modified to reflect an award of 1,180 days of presentence custody credits, and to correct a clerical error in the abstract of judgment. In all other respects, we affirmed. (*People v. Williams* (Jan. 23, 2013, B232001) [nonpub. opn.].)

In 2024, appellant filed a petition for recall and resentencing pursuant to section 1170, subdivision (d)(1). His petition met the filing requirements under the statute. The

---

[2] We recite only the procedural background because the facts surrounding the offenses are irrelevant to this appeal. (See *People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2; *People v. McNeely* (1994) 28 Cal.App.4th 739, 742.)

prosecution opposed his petition.  The trial court found appellant ineligible for resentencing because he was not sentenced to LWOP or its functional equivalent "given the fact he's eligible under youthful offender parole at age 37 in 2025, as well as an elderly parole eligibility at age 50."

## DISCUSSION

Appellant argues, and respondent concedes, remand is necessary because appellant was sentenced to de facto LWOP for crimes he committed as a juvenile.  We agree.  As the pertinent facts of this case are undisputed, we review de novo appellant's eligibility for relief under section 1170, subdivision (d)(1).  (See *People v. Davis* (2011) 202 Cal.App.4th 429, 438.)

Section 1170, subdivision (d)(1) allows certain juvenile offenders who have served at least 15 years of an LWOP sentence to petition for recall and resentencing.  *People v. Heard* held the plain language of section 1170 applies to LWOP sentences only, but denying section 1170, subdivision (d)(1) resentencing relief to juvenile offenders originally sentenced to a term that indisputably qualifies as the functional equivalent of LWOP is a violation of equal protection.  (*People v. Heard* (2022) 83 Cal.App.5th 608, 629 (*Heard*); see also, *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1047 [67 years, plus 40 years to life is functional equivalent of LWOP]; *People v. Sorto* (2024) 104 Cal.App.5th 435, 440 [10 years, plus 130 years to life is functional equivalent of LWOP] (*Sorto*).)

We conclude a sentence of 99 years to life indisputably qualifies as the functional equivalent of LWOP, entitling appellant to resentencing eligibility under section 1170, subdivision (d)(1).  We do not, however, consider whether any lengthy sentence where a defendant is not released until well into

his senior years, i.e., a "non-obvious" case, is de facto LWOP. (See *People v. Munoz* (Apr. 8, 2025, B336656) 110 Cal.App.5th 499 [50 years to life is not the functional equivalent of life without parole even if defendant is not eligible for parole until he is 65 years old.].)

In *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), the California Supreme Court held section 3051, which provides certain juvenile offenders with youth offender parole hearings during or before their 25th year of incarceration, mooted a constitutional challenge to a sentence of two consecutive mandatory 25 year to life terms for crimes committed by a minor. But *Franklin* declined to decide "whether a life sentence with parole eligibility after 50 years of incarceration is the functional equivalent of an LWOP sentence . . . ." (*Id.,* at p. 268.) *Franklin* confirms "a juvenile may not be sentenced to the functional equivalent of LWOP for a homicide offense without the protections outlined in *Miller*"[3] (*id.* at p. 276) but expresses "no view on *Miller* claims by juvenile offenders who are ineligible for [a youth offender parole hearing], or who are serving lengthy sentences imposed under discretionary rather than mandatory sentencing statutes." (*Franklin*, at p. 280.) Appellant was sentenced to multiple discretionary terms totaling 129 years to life, modified to 99 years to life, for crimes he committed as a minor. His eligibility for a youth offender parole hearing

---

[3] *Miller v. Alabama* (2012) 567 U.S. 460 [183 L.Ed.2d 407] (*Miller*), holding 8th Amendment prohibition on cruel and unusual punishment requires sentencing courts to weigh specific factors relating to a juvenile defendant's youth and maturity prior to imposing LWOP for homicide.

pursuant to section 3051, which was enacted after his sentence was imposed, does not alter our conclusion.

In *People v. Lopez* (2016) 4 Cal.App.5th 649 we concluded section 1170, subdivision (d)(2) does not preclude a defendant whose LWOP sentence was modified pursuant to *Graham*[4] prior to section 1170's enactment from seeking resentencing under section 1170 because the statute "'uses the phrase "was sentenced" and refers to the past.'" (*People v. Heard, supra*, 83 Cal.App.5th at p. 629, citing *People v. Lopez*, at p. 654, italics omitted.)

Applying this reasoning, the *Heard* court held section 3051 does not preclude a defendant from seeking resentencing under section 1170, subdivision (d)(1) because eligibility for parole "does not change the fact that the sentence was a de facto life without parole sentence at the time it was imposed." (*People v. Heard, supra*, 83 Cal.App.5th at p. 629; *People v. Sorto, supra*, 104 Cal.App.5th at p. 448 ["the fact that section 3051 superseded Sorto's sentence is irrelevant. Instead, it is enough that he 'was sentenced' to the functional equivalent of LWOP."].)

Even considering appellant's potential for earlier parole eligibility under sections 3051 and 3055[5], we conclude he remains

---

[4] *Graham v. Florida* (2010) 560 U.S. 48 [176 L.Ed.2d 825] held imposing LWOP on juveniles for non-homicide offenses violates the 8th Amendment.

[5] Section 3055 establishes the elderly parole program for "any inmate who is 50 years of age or older and has served a minimum of 20 years of continuous incarceration on the inmate's current sentence, serving either a determinate or indeterminate sentence." (§ 3055, subd. (a).)

5

eligible for recall and resentencing under section 1170, subdivision (d)(1) because he was sentenced to de facto LWOP.

DISPOSITION

Judgment is reversed and remanded for resentencing pursuant to section 1170, subdivision (d)(1).

NOT TO BE PUBLISHED.

CODY, J.

I concur:

GILBERT, P. J.

6

YEGAN, J., Dissenting:

I respectfully dissent. The "never-ending" Court of Appeal exercise in sentencing continues. I cannot participate in this academic exercise. There is no miscarriage of justice here and we are not required to accept the Attorney General's concession. (See, e.g., *Thaler v. Thaler* (1932) 127 Cal.App. 28, 29). Were one to put on "horse blinders" and only view the sentence when it was imposed, appellant would arguably be eligible for *Heard* relief. (*People v. Heard* (2022) 83 Cal.App.5th 608.) But things have changed. The majority opinion recognizes that appellant is eligible for parole this year. So, in reality, and notwithstanding the original sentence, he is not serving a sentence of Life Without the Possibility of parole. The parole Board will release appellant from prison when it determines that he is suitable for parole. He thus has a "realistic hope of release and a genuine opportunity to reintegrate into society." (*People v. Contreras* (2018) 4 Cal.5th 349, 373.)

NOT TO BE PUBLISHED.


YEGAN, J.

Altus W. Hudson, Judge
Superior Court County of Los Angeles

_____

Sydney Banach, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.