### In re TRANS–TEX OIL CORPORATION.
### No. 4232.

United States District Court
N. D. Texas. Dallas Division.
July 28, 1949.

Callahan, Campbell & McCord, Dallas, Tex., for the motion.

Rosenstein, Fist & Shidler, Tulsa, Okl., opposed.

ATWELL, Chief Judge.

An involuntary petition was filed against the Trans-Tex Oil Corporation on the 29th day of June, 1949. This motion to dismiss prays, that action, because the petition was filed more than four months after the alleged act of bankruptcy.

The undisputed facts show that the receivership proceeding against the debtor was filed in the state court on December 23, 1948. That a re-organization petition was filed, in this court, on December 31, 1948. The re-organization proceeding was terminated as unsuccessful, and the property returned to the state court receiver on the 9th day of May, 1949.

The involuntary petition for bankruptcy alleges the commission of the act, justifying such adjudication, as the unassailed and continued receivership in the state court, and, insolvency of the debtor.

The Re-organization statute provides that pending such an application, the limitation period provided in the Bankruptcy Act for the institution of bankruptcy proceeding after the commission of such act, shall be "suspended." Counsels' clashing contentions are: for the debtor, that the four months' period having begun to run before the institution of the re-organization proceeding, would continue, and thus prevent this involuntary proceeding; for the petitioners, that the statute tolling time means what it says, and leaves the situation in statu quo until the re-organization proceedings shall have been concluded.

The purpose of the re-organization plans and systems, was, itself, to be liberally held in mind. To permit the running of the statute against an act of bankruptcy pending such proceeding would seriously affect the course of a proceeding of that sort which is for the benefit of both debtor and creditor.

There are not many decisions that are of assistance to us but, by implication upon which I think we may rely somewhat, at

any rate, are the following: Paragraph H, Sec. 59, Bankruptcy Act, 11 U.S.C.A. § 95, sub. h; Collier, 14th Ed., Vol. 3, 634; Sec. 261, Bankruptcy Act, 11 U.S.C.A. § 661.

"To suspend," merely means a temporary stop for a time. Century Dictionary, Vol. 2; Hipkins v. United States, D.C.Md., 1 F.Supp. 505, 506.

With that thought in mind, it seems the filing of the involuntary petition was well within four months, and that the only question that is left here, for a decision, insofar as, the debtor is concerned, is whether it was insolvent at the time of the granting of the state court receivership.